ISADOR STEIN, RESPONDENT, v. VINCENZO SCARPA,
APPELLANT.

Submitted March 17, 1921—Decided June 28, 1921.

A sale of an automobile, in which the seller does not comply with the
provisions of "An act relating to and regulating the sale and
purchase of motor vehicles, requiring presence of manufacturer's
number on same; requiring issuance of bill of sale and assign-
ment of same, and providing penalties therefor" (*Pamph. L.* 1919,
*p.* 357), may be rescinded by the purchaser and the purchase
price recovered.

On appeal from the First District Court of Jersey City.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the appellant, *Smith, Mabon & Herr.*

For the respondent, *John F. Gough.*

The opinion of the court was delivered by

MINTURN, J.   The District Court judge found that the de-
fendant sold to the plaintiff for $700 a Dodge motor car; that
the title to the car proved defective, owing to the failure of
the vendor to comply with the provisions of the act of 1919
(*Pamph. L., p.* 357) entitled "An act relating to and regu-
lating the sale and purchase of motor vehicles, requiring pres-
ence of manufacturer's number on same, requiring issuance of
bill of sale and assignment of same, and providing penalties
therefor," approved April 15th, 1919; that while the plaintiff
was driving the car in Jersey City he was stopped by the police
because the number on the car had been obliterated, and be-
cause the vehicle was a stolen car; that plaintiff thereafter
duly rescinded the sale and instituted this suit for the recovery
of the purchase price.

The proof, which substantially was not controverted, showed
that the manufacturer's number had been removed from the

engine bed and a new number substituted therefor so that the obliteration and mutilation of the original number was apparent upon inspection. This situation clearly presented a manifest violation of the provisions of the act referred to. Another evidence of violation of the requirement of the act was presented by the fact that the form of transfer of title provided by the act had not been complied with, in that the purchase of the car not having been made from the manufacturer direct, the original bill of sale should have been assigned by an assignment thereof, witnessed by two persons and acknowledged before a notary public. The manifest purpose of this act was to prevent the sales of automobiles to innocent purchasers, by one having no legal title thereto. This the act seeks to accomplish by requiring the vendor to transmit with the delivery of the car the original bill of sale, as evidence of title, very much upon the same principle as title to land was evidenced and transmitted in Great Britain and in this country prior to the enactment of the recording and registration acts. Such an act is not only consistent with early traditional practice, but would seem to be a reasonable regulation as an exercise of the police power in the interest and protection of the purchasing public, though the exercise of the power may incidentally affect existing contracts. In other jurisdictions similar legislation has been held unassailable on the constitutional ground. *People* v. *Johnson,* 288 *Ill.* 442.

"All contracts and all rights," says Cooley, "are subject to this power." *Const. Lim.* 833; *Mugler* v. *Kansas,* 123 *U. S.* 623; *State* v. *New Jersey Indemnity Co.,* 95 *N. J. L.* 308.

A very recent case in the United States Supreme Court emphasized this principle to a greater degree probably than any adjudication theretofore enunciated.

Block *v.* Hirsh (advanced opinions May 15th, 1921), where existing contracts between landlords and tenants were adjudged, subject to the exercise of the police power, upon a theory of popular emergency, due to building conditions.

Both parties to this transaction seem to have been innocent of the illegality of the transaction, but when the vendee discovered its illegality he disavowed and rescinded it. The

theory of the act of rescission, manifestly, was that the consideration for the contract had failed, and not as defendant argues that the contract itself being illegal the defendant was entitled to profit by the illegality, and maintain the status thus illegally evolved. *Jones* v. *Ryde,* 5 *Taunt.* 488; *Devaux* v. *Conolly,* 8 *C. B.* 640.

The sale of goods in possession implied a warranty of title both at common law and under the Sales act, and when the title failed the consideration failed with it, the bargain became *nudum pactum* and rescission then became the legal right of the vendee. *Benniger* v. *Corwin,* 24 *N. J. L.* 257; 2 *Kent Com.* 478; *Sales act* (4 *Comp. Stat.*) 4650; 6 *R. C. L.* 684, and cases.

The case shows that the offer to return the machine was not only made, but that the car was actually delivered to the defendant, so that the plaintiff's legal right to recover becomes manifest.

The judgment will be affirmed.