SECURITY CREDIT CORPORATION, APPELLANT, v. WHITING MOTOR COMPANY, RESPONDENT.

Submitted July 6, 1922—Decided November 9, 1922.

In order to establish ownership in an automobile it must be shown that the act of 1919 (*Pamph. L., p.* 357), regulating the transfer of title to motor vehicles, has been complied with.

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Milton M. Unger.*

For the respondent, *Stickel & Naughright.*

The opinion of the court was delivered by

SWAYZE, J. This is an action of replevin for a Mercer four-passenger automobile. The plaintiff avers title and

right of possession in itself and a wrongful detention by the defendant. The defendant denied the title and right of possession of the plaintiff and averred that the title and right of possession was in the defendant; and the plaintiff joined issue. In this situation it was for the plaintiff to prove its title and right of possession. *Hunt* v. *Chambers*, 21 *N. J. L.* 620; *Chambers* v. *Hunt*, 22 *Id.* 552.

To sustain this burden the plaintiff offered a conditional sale contract from the B. & B. Motor Company to Max M. Vas. The B. & B. Motor Company was a sales company and not a manufacturer of automobiles. Its title came through Vas, and Vas had obtained whatever right he had by an attempted purchase from the Whiting Motor Company by giving his check for the purchase price, which was subsequently dishonored. Vas seems to have absconded.

The only importance of the check is that Abrahams, the representative of the Whiting Motor Company, gave a receipt to Vas for $3,000, payment in full on the car, and it is claimed that this fact, either by itself or in connection with a conversation between Tomlinson, the representative of the present plaintiff, and Hillis representing the Whiting Motor Company, estops the Whiting Motor Company from claiming the automobile as against the plaintiff. All the transactions in the case took place after the act of 1919 (*Pamph. L.* 357) went into effect, and are governed by that act. The essential provisions are that it shall be unlawful to sell or purchase any motor vehicle except in the manner and subject to the conditions provided in the act; that no motor vehicle shall be sold or purchased unless it contains the manufacturer's number, nor shall there be a sale or purchase of a motor vehicle containing an obliterated, erased or mutilated manufacturer's number; that in all sales or purchases directly from the manufacturer, or through an agent or agency of said manufacturer, there shall be issued to the purchaser a manufacturer's bill of sale, which bill of sale shall contain the manufacturer's number on the engine or motor of the motor vehicle so sold, and that in all other sales or purchases

of motor vehicles the original bill of sale shall be assigned by the seller to the purchaser by an assignment witnessed by two persons and acknowledged by the seller before a notary public. All assignments are required to be kept and attached to the original manufacturer's bill of sale.

We have cited the provisions at length because they show clearly the intent of the legislature to secure owners of automobiles against theft or robbery by requiring title papers to be with the machine, and to secure the continued power to identify the machine by its number. The importance of these provisions is apparent when the claim of title by estoppel is set up. They require an actual title documentary to be shown, not a title by estoppel *in pais.*

It is difficult to see how title by estoppel can override the express requirements of the statute. The requirements are such that the essential elements of an estoppel cannot be present. The essential elements which must unite to create an equitable estoppel by conduct are stated by Mr. Justice Pitney in *Central Railroad Co.* v. *MacCartney, 68 N. J. L.* 165 (at *pp.* 175, 176), and this opinion has been expressly approved by the Court of Errors and Appeals in *Musconetcong Iron Works* v. *Delaware, Lackawanna and Western Railroad Co., 78 Id.* 717. One of these essential requirements is that the representation or concealment relied on to make the estoppel was under such circumstances that a reasonable prudent man would suppose it had been intended to be acted upon as true; that the party to whom it was made was ignorant of the facts and had no convenient opportunity to ascertain them; that the latter party in good faith relied upon the representations or conduct of the other party, and thereby was led into such a course of conduct that he would be prejudiced if the other party be permitted to repudiate his former action or representation.

The plaintiff in this case had only to seek the protection of the manufacturer's bill of sale and the assignment required by the statute to have found that Vas and the B. & B. Motor Company had no claim. The slightest care or inquiry would

have disclosed that the title of Vas and the B. & B. Motor Company was not such as the statute requires. This was enough to prevent the estoppel. The statute makes it unlawful to sell or purchase any motor vehicle except in the manner and subject to the conditions contained in the act. The transactions under which Vas, the B. & B. Motor Sales Company and the present plaintiff claimed title are within the denunciation of the statute as unlawful, without considering the proof of title on the part of the defendant.

We think the plaintiff has failed to establish its case. The direction of the verdict by the trial judge was therefore proper, and the judgment must be affirmed, with costs.