WILLIAM SEYMOUR, complainant-respondent.

*v.*

CAROLINE LAVERTY, defendant-appellant.

[Decided March 5th, 1923.]

On a bill for specific performance where the vendor had remained in possession of the land, the chancellor charged her not only with rents actually received but the whole rental value of the property—*Held*, erroneous, in the absence of proof that the vendor was responsible for delay or the failure to realize the rental value.

On appeal from a decree of the court of chancery.

This is a bill for specific performance of a contract for the sale of a house and lot in Atlantic City. The contract is evidenced by two written memoranda as follows:

"Feb. 12, 1920.

Mrs. Caroline Laverty has promised to sell the property 2519 Pacific Ave. to W. P. Seymour, no set date for deposit, but as soon as his settlement is made on his property, deposit to be made within 10 days from Feb. 15th, fifteenth, 1920, for sum of $6,500 clear and free of all encumbrance. Deposit to be $500 and house to be in good condition. Deed to be drawn same as in the original deed.

WM. P. SEYMOUR.
MRS. CARRIE LAVERTY.

Witness:
    MARGARET DESMOND."

"Feb. 14, 1920.

Received from Wm. P. Seymour $25.00 twenty-five dollars deposit part payment for property 2519 Pacific Ave., Atlantic City, N. J. Price of property $6,500, $475 to be paid on or before Feb. 25, 1920. Balance $4,000 to be on a mortgage, two thousand dollars to be paid on Sept. 15, 1920. Money to be loaned on mortgage by Mrs. Caroline Laverty of the above address.

MRS. CARRIE LAVERTY.
WM. P. SEYMOUR.

Witness:
    MARGARET DESMOND."

·The decree was in favor of the complainant and directed that if the defendant should not insist upon being paid the entire amount in cash or should the defendant be willing to accept a purchase money mortgage for $4,000, payable on demand, there is due from the complainant to the defendant the sum of $265.07.

*Messrs. Harcourt & Steelman,* for the complainant.

*Mr. John C. Reed,* for the defendant.

The opinion of the court was delivered by

SWAYZE, J.

On the main issue in the case we agree that the memoranda were the contract of the defendant and that they are sufficient to satisfy the statute of frauds. We agree also that payment in cash or in a purchase money mortgage payable on demand is a sufficient compliance with the agreement to give a mortgage for $4,000. We differ with the vice-chancellor however in the amount to be credited to the complainant, the vendee, for rents of the property. The matter was referred to a master, and he ascertained (apparently without any specific direction to that effect other than the direction to take an accounting between the parties) the rental value of the premises from September 15th, 1920, the date when the contract was to be performed, to May 15th, 1922 (convenient date arbitrarily selected), to be $2,141.60. Of this amount $25 a month was actually received by the defendant from a tenant; $400 was an amount she probably could have received from another tenant for other rooms if she had been able and willing to rent them, and the balance consisted of rental value of other rooms not rented or shown to be rentable, based largely upon the opinion of expert witnesses. The amount actually received was properly charged to the defendant-vendor. The balance we think was not properly chargeable to her for the reason that she could not legally have made a lease to a tenant without the consent of the complainant who

had the equitable title and was entitled to a conveyance as the vice-chancellor has held and we now hold. The injustice of charging her with money she never received and could not legally contract to receive is made apparent by the fact that a large portion of the purchase price was exhausted by the payment to the vendee of what the vendor had never received. It is in effect paid out of the corpus of the estate. This amount was increased by the delay in bringing the case to a final issue, the responsibility for which rested upon the complainant. It may be that, in addition to the $25 a month, some small charge of $5 or $8 a month for separate rooms in the house should be made against the vendor. We are unable to ascertain from the record the amount actually received. Naturally enough the master, having charged the defendant with the full rental value, did not find it necessary to deal with these items. We understand there is no controversy about the other items on either side.

The question was properly raised on exception to the master's report. The third exception reads: "the defendant is not chargeable with any penalty for delay. This case was not moved by the complainant until notice to dismiss was given by the defendant. The master's report has been delayed a year, although the proceedings were under the control of the complainant's solicitor."

The statements set forth in the exception seem to be true. They require a reversal of the decree. No hard and fast rule is laid down by the authorities as to charging a vendor who remains in possession with rental value as distinguished from rents actually received. It seems to depend on whether the vendor is responsible for the delay or wrongfully or wilfully in default. *39 Cyc. 1629; Leggott v. Metropolitan Railway Co., L. R. 5 Ch. 716; Dakin v. Cope, 2 Russ, 170; Pom. Cont. § 427.*

Let the record be remitted in order that the master may review his findings in accordance with the views herein expressed.

We think it well to add that the first exception is improper. It is that the report is against the equity of the case, common

sense and common justice. This form of exception was condemned by the chancellor in *McCauley* v. *McCauley, 88 N. J. Eq. 392.*

*For affirmance*—None.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON—10.