FRED M. VAN HOUTON v. WILLIAM B. GIZANG.

Argued October term, 1924—Decided February 19, 1925.

**Sale of Goods—Motor Vehicles—Sale Consummated, Vehicle Delivered and Partial Payment Made—Upon Request, Bill of Sale was Refused—Transaction Obviously Within Act of 1919, and Defendant Not in Pari Delicto.**

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellant, *Robert Doherty.*

For the defendant-appellee, *David H. Stemer.*

PER CURIAM.

This action was tried in the Second District Court of Jersey City, and was brought to recover $400, the balance

of the purchase price of an automobile. The defendant counter-claimed, among other items, for the return of $100, paid on account of purchase price, and for $139.75, admitted to be due for a bill of goods furnished plaintiff. Judgment was given for defendant on the specified items of counter-claim, and for the return of the deposit of $239.75. The facts are, that the plaintiff, desiring to sell his automobile, had his chauffeur take defendant for a demonstration ride. The defendant, satisfied with the car, directed the chauffeur to drive it to defendant's garage, where it was left. Defendant then returned to plaintiff, and closed the bargain at $500. The defendant gave, in payment, $25 cash, a check for $75, dated ahead, but later honored, and two undated checks for $200 each, the dates to be inserted later. A week later the defendant requested a bill of sale for the car, and plaintiff replied that he had no bill of sale, but sent his vendor's receipt. The defendant, after again requesting the bill of sale without result, offered to return the car, but plaintiff refused the tender, and brought action for the unpaid purchase-money.

The first contention is that the transaction was not within contemplation of the act of 1919. We think that, obviously, it was comprehended within the terms of that act. The operation of the act of 1919 is thoroughly reviewed in an opinion by Mr. Justice Katzenbach, for the Court of Errors and Appeals, in *General Motors Corp.* v. *Smith* (*January, 1925*), 3 *N. J. Adv. R.* 204.

The next point is that the court erroneously interpreted the act to require the bill of sale to accompany the delivery of the car. The intent of the legislature, by this act, was to secure the owners of automobiles against theft or robbery, by requiring the title papers to accompany the sale of the machine. *Stein* v. *Scarpa*, 96 *N. J. L.* 86; also 113 *Atl. Rep.* 695.

The next point is that the defendant was not entitled to the bill of sale until payment of the purchase price. The acts of the parties, and circumstances attending the sale,

clearly indicated an intent to change the possession of the car, and effect a transfer of title and sale, and the court so found, in which finding we concur. In *Arotzky* v. *Kropintzky*, 1 *N. J. Adv. R.* 501, this court observed, concerning a similar claim: "It is suggested that the transaction was not a completed sale, but only a 'contract for a sale,' but as there was a delivery of the property * * * we fail to see the force of the suggestion."

It is finally urged that one in *pari delicto* is not entitled to any judicial relief. Manifestly, the one in *pari delicto* was not the vendee. So far as we can observe his was a *bona fide* transaction. The case, so far as the question of the *bona fides* of the parties is concerned, is not unlike that of *Stein* v. *Scarpa*, 96 *N. J. L.* 86, where the act of 1919 is analyzed by this court in a situation of fact substantially similar to that presented by the case at bar.

The judgment will be affirmed.