7 N.J. Super. 76 (1950)
72 A.2d 222
A. CRESCI & SON, INC., PLAINTIFF-RESPONDENT,
v.
SYDNEY G. STEIKER, TRADING AS STEIKER MOTORS, AND SYDNEY G. STEIKER, INDIVIDUALLY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1950.
Decided March 21, 1950.
*77 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Archibald Kreiger argued the cause for defendants-appellants.
Mr. Samuel P. Orlando argued the cause for plaintiff-respondent (Messrs. Orlando, Devine & Tomlin, attorneys).
*78 The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Defendants appeal from a judgment entered in the Superior Court, Law Division, in favor of the plaintiff for $2,145.65 and dismissing defendants' counterclaim.
Plaintiff is a manufacturer of automobile truck bodies in Vineland, New Jersey, and defendant Steiker, trading as Steiker Motors, is an automobile truck dealer in Paterson, New Jersey. The complaint filed on March 28, 1949, sought recovery on a note dated January 21, 1949, and payable February 21, 1949. The defendants filed an answer and counterclaim denying the validity of the note, alleging that there was a failure of consideration and counterclaiming in three counts: (1) for goods sold and delivered upon an agreed price of $8,500; (2) for the agreed price of $8,500 for an auto truck sold and delivered by defendant to plaintiff on or about April 5, 1948; and (3) on a book account for $8,500 for an auto truck sold and delivered by defendant to plaintiff on or about April 5, 1948. The plaintiff's answer to the counterclaim was a denial of the allegations thereof. At the trial the defendants consented to entry of judgment on the complaint in favor of the plaintiff for $2,145.65. The trial of the counterclaim then proceeded. At the end of defendants' case, the court granted the plaintiff's motion to dismiss the counterclaim on the ground that no bill of sale was delivered by the defendant to the plaintiff, as required by R.S. 39:10-5 et seq. The only question before us on this appeal is whether the court erred in dismissing the counterclaim.
At the end of defendant's case on the counterclaim, it appeared that the plaintiff had developed a truck body known as an air cargo loader and sought a suitable truck chassis on which this cargo loader could be installed for use as a demonstration model. Steiker had a Marmon-Herrington fourwheel drive truck chassis, and after negotiation between the parties the plaintiff agreed to purchase this truck chassis for $8,500, under an arrangement by which Steiker would deliver the truck chassis to Vineland for the installation of the cargo loader and thereafter store the demonstration model in *79 Paterson. The truck chassis was delivered to the plaintiff in Vineland on April 5, 1948, and the plaintiff made some changes in the truck chassis and installed the cargo loader. Later in April Steiker's foreman picked up the demonstration model in Vineland and took it back to Steiker's place in Paterson, where it remained in the possession of Steiker up to the time of trial, except for four trips to airports for demonstrations and a short stay in plaintiff's Vineland plant for repairs. The truck chassis involved was a new one and Steiker had the manufacturer's bill of sale on April 5, 1948, and still had it at the time of trial. The defendant's explanation of his failure to assign the bill of sale to the plaintiff was: "The agreement was to have the truck remain in my name so that I could use my dealer plates so that he wouldn't have to spend a hundred dollars for commercial plates and wouldn't have to take insurance on it, because he had only demonstrations to make from time to time, and that was in the agreed price of $8,500."
The pertinent statutory provisions then in effect were R.S. 39:10-5 and R.S. 39:10-8, as amended L. 1946, c. 136, § 4. R.S. 39:10-5 provides: "No person shall sell or purchase any motor vehicle in this state, except in the manner and subject to the conditions provided in this chapter," and R.S. 39:10-8, as amended L. 1946, c. 136, § 4, provides: "* * * When a new motor vehicle is sold in this State, the manufacturer, his agent or a dealer shall execute and deliver to the purchaser, in case of an absolute sale, assignment of the certificate of origin, or if other than absolute sale, assignment of the certificate of origin subject to contract, signed or executed by the manufacturer, his agent or a dealer * * *."
The defendant failed to comply with the requirement of the statute in that he did not deliver the bill of sale as required by R.S. 39:10-8. Our cases have uniformly held that a seller is precluded from recovery in an action for the purchase price of the car, or upon a note or check therefor, if, in evasion of the statute, he failed to deliver the bill of sale to the purchaser. Arotzky v. Kropnitzky, 98 N.J.L. 344 (Sup. Ct. 1923); affirmed, 101 N.J.L. 203 (E. & A. *80 1925); Van Houton v. Gizang, 3 N.J. Misc. 233 (Sup. Ct. 1925); Shinn v. Cohen, 99 N.J. Eq. 418 (E. & A. 1926); Stein v. Scarpa, 96 N.J.L. 86 (Sup. Ct. 1921); Cf. Gaub v. Mosher, 3 N.J. Misc. 605 (Ch. 1925); Buttinghausen v. Rappeport, 131 N.J. Eq. 252 (Ch. 1942).
Defendants argue that the Arotzky, Van Houton, Shinn and Stein cases, above, construe the Motor Vehicle Bill of Sale Act of 1919 (L. 1919, c. 168) and have no application to our present Motor Vehicle Certificate of Ownership Law, namely, R.S. 39:10-1 et seq. R.S. 39:10-1 et seq. are derived from L. 1931, c. 166, which repealed L. 1919, c. 168 and the amendments thereof, and provided a more complete scheme for the regulation and control of titles, etc., of motor vehicles in this State. Defendants contend that the 1931 Act evinces a complete change in the policy, purpose and regulation of the entire subject matter. Nothing in the 1931 Act suggests any change in the policy or purpose, and comparison thereof with the 1919 Act indicates that it was intended as a continuation of the 1919 Act, with certain refinements. The provisions of the 1919 Act construed in the cases cited above were Sections 2 and 4, and these sections were included in the 1931 Act as Sections 2 and 5 and were carried into the revision in Sections 39:10-5 and 39:10-8, without any change which might indicate any intention to make the rule of the cases cited above inapplicable.
Defendants argue that the dismissal was error, because this case involved a contract of sale of an automobile chassis under R.S. 46:30-69(3) of the Uniform Sale of Goods Law and presented questions of fact for the jury. This theory was not advanced in the pleadings or in the pretrial order, and the case was tried on the one theory that there was a sale and delivery on April 5, 1948, at an agreed price. Therefore, this contention of the defendants is not properly before us for a decision. The parties are bound by the record and by the reasons and ground upon which they relied and advanced to the court below. Schwartz v. Rothman, 1 N.J. 206 (1948).
Defendants cite cases from other states in which the courts *81 have construed similar statutes and reached a different result. We recognize that there is considerable difference of opinion as to the effect of violation of such statutes upon the civil rights of parties. See 46 Am. Jur., Sales, § 35; 37 A.L.R. 1465; 52 A.L.R. 701; 63 A.L.R. 688; 94 A.L.R. 948. However, we think the decisions of our courts, cited above, are dispositive.
The judgment is affirmed.