26 N.J. Super. 586 (1953)
98 A.2d 590
ELIZABETH ETHRIDGE, APPELLANT,
v.
ALLIED EQUIPMENT & SUPPLY CO., RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 22, 1953.
Decided July 6, 1953.
*587 Before Judges EASTWOOD, BIGELOW and HORUVITZ.
Mr. Samuel Morris argued the cause for the appellant.
Mr. Morris Chesler argued the cause for the respondent (Mr. Leon Miroff, attorney).
PER CURIAM.
The plaintiff agreed to sell and the defendant to buy a certain auto trailer for $700. The sum of $300 was paid on account when the contract was made, "balance of $400 to be adjusted upon transfer of title and delivery of the above mentioned trailer."
The next day, the defendant company took possession of the trailer and a few hours later notified plaintiff that it was no longer interested in the purchase and asked for a return of the deposit. Defendant still has possession of the trailer, holding it, as we understand, as security for the return of the deposit.
Plaintiff sued for the balance of the purchase price; defendant counterclaimed for the amount of the deposit and expense of storing the car. Judgment was given to the defendant for $330.
Defendant relies upon our Motor Vehicle Bill of Sale Law which requires, upon the sale of a used motor vehicle  in which term is included a trailer  the seller shall execute and deliver to the purchaser an assignment of the certificate of ownership. R.S. 39:10-9, as amended L. 1946, c. 136. The plaintiff did not give or tender to the defendant such an assignment when the agreement of sale was made or at any other time before the trial.
It is well established that an attempted sale of a motor vehicle contrary to the provisions of the statute is unenforceable. A. Cresci & Son v. Steiker, 7 N.J. Super. 76 (App. Div. 1950). But where, as in this matter, there is no intention to evade the statute and the parties contemplate *588 the prompt execution and delivery of the prescribed title papers, the transaction should not be considered as void merely because the papers were not delivered at the moment the bargain was struck or when the buyer took possession of the vehicle. Gaub v. Mosher, 3 N.J. Misc. 605 (Ch. 1925); Buttinghausen v. Rappeport, 131 N.J. Eq. 252 (Ch. 1942). The defendant's repudiation of the purchase of the trailer was without justification and constituted a breach of contract.
Under the circumstances, the plaintiff was excused from tendering an assignment of the certificate of ownership before bringing her action. The vehicle itself was already in defendant's possession.
Judgment reversed.