WILLIAM GAUB, complainant,

*v.*

M. JONAS MOSHER, defendant.

[Decided June 3d, 1925.]

**Sale of Goods—Motor Vehicle—Statute Requiring Bill of Sale— Specific Performance—Defendant Sold Car Promising to Deliver Bill of Sale, Vendee Sold Car to Complainant Who Before Purchase Inquired of Defendant About Bill of Sale, Defendant's Husband, Promising That it Would be Delivered Upon Defendant's Return Home—Defendant Afterward Changed Her Mind, Refusing to Deliver Bill of Sale—Statute Requiring Bill of Sale Invoked by Her, Claiming That There Had Been No Sale Without Delivery of Bill—Statute Does Not Say Such a Sale is Void, But Unlawful—Specific Performance to Deliver Bill of Sale Will be in Aid of, and Not in Violation of the Statute.**

On final hearing.

*Mr. George L. Feaster,* for the complainant.

*Mr. William F. Vosseler,* for the defendant.

BUCHANAN, V. C.

The facts as proven by the evidence are that defendant, Mrs. Mosher, was the owner of a certain Flint touring car, which she sold to one Sharp, an agent or dealer in cars of that make, in part payment for a new sedan. Delivery was made and title passed to Sharp, but the original bill of sale was in defendant's safe deposit box and was not contemporaneously assigned or delivered, defendant promising Sharp she would get it out in a few days and deliver it to him. Sharp thereupon sold the car to complainant, telling him these facts. Complainant before paying for the car went to see defendant, to ask about the condition of the car and the bill of sale. Defendant was not at home, but her husband

told complainant about the condition of the car, and that the bill of sale would be duly delivered in a few days as soon as his wife had an opportunity to go to the bank and get it from the safe deposit box. Complainant thereupon paid his money to Sharp. Defendant has never delivered the bill of sale to Sharp, refusing to do so because Sharp became immediately involved in financial difficulties, and defendant's new sedan was not received by her.

Complainant seeks a decree for specific performance of the agreement by defendant to assign and deliver the bill of sale, and for injunction against the prosecution of a suit in replevin commenced by defendant against him for the recovery of the car.

It would seem that this is a case for equitable relief. The bill of sale is of no money value in itself; damages at law would, obviously, be inadequate. Without the bill of sale complainant cannot obtain a license so that he can operate the car in this state, and cannot sell it, because of the statute. *P. L. 1919 ch. 168 p. 357.* It was the duty of the defendant to assign and deliver the bill of sale to Sharp on the sale of the car to him, both by reason of the statute and by reason of her express promise so to do. Under the circumstances, on the sale to complainant by Sharp, the latter's right to enforce the performance of that duty passed in equity to complainant, and complainant is entitled to decree that defendant assign and deliver to Sharp, pursuant to the terms of the statute, the bill of sale.

Doubtless, Sharp would have been a proper party to the suit, but it does not seem that he is a necessary party, any more than the original vendee would be in a suit by vendee's assignee against vendor, for the specific performance of a contract for the sale of real estate. There is nothing to show that any relief is requested as against him; presumably he is entirely willing and ready to assign and deliver the bill of sale to complainant immediately upon receiving it from defendant.

It follows that complainant is also entitled to injunction against the further prosecution of the replevin suit.

Defendant's contention is that the sale by her to Sharp and the sale by Sharp to complainant are both void, and no title passed to Sharp or complainant; and that the sales being void and unlawful, neither Sharp nor complainant can have any rights to the enforcement of any part of the transaction; all this under the terms of the statute referred to, and citing the opinion of the supreme court in *Arotzky* v. *Kropnitzky, 98 N. J. Law 344.*

The statute, however, does not say that a sale without compliance with its terms shall be void. On the contrary, by implication, it negatives such a contention. It makes such a sale and purchase unlawful, and provides penalties for violations. Unless such a sale and purchase are made, there is no violation of its terms.

This would seem to be the view taken by the supreme court in *Stein* v. *Scarpa, 96 N. J. Law 86,* where a purchase and sale of a motor car with a substituted manufacturer's number had been made in contravention of section 3 of the statute. The court found that both parties had acted innocently, and sustained the purchaser's claim of right to rescind and recover back the purchase price. If the sale were void, there could be no rescission.

It is true that the language of the opinion in the *Arotzky Case, supra,* includes the statement that "the act * * * voids a sale made without compliance with its provisions," but the further clause is added "much as the common law refuses to recognize a sale of land without the delivery of a deed." And the opinion goes on to say that "if the courts should undertake to enforce contracts made in such violation [of the terms of the statute] they would be aiding therein and encouraging the very mischief the act was designed to prevent."

The opinion must be read in the light of the facts. There had been a sale without assignment of the bill of sale, and vendor was suing to obtain payment of a check given for part of the purchase price. Evidently neither party was innocent, and neither could expect aid from the courts. What was meant was that the sale was void in the sense that it would

not be enforced; that neither party could obtain enforcement of any right arising out of such an unlawful transaction. The situation was very different from that in the present case and in the *Stein Case, supra*. That the *Stein Case* was not meant to be overruled is evident from the fact that no mention is made of it, although one of the justices sat in both cases.

In the present case there was no attempt or intent to violate the statute. The contract between the defendant and Sharp provided for the assignment and delivery of the bill of sale; so, likewise, the contract between Sharp and complainant, at least, impliedly. There was the expectation and intent of all parties to comply with the statute. The violation is the act of defendant, who subsequently changed her mind and refused to assign and deliver the bill of sale. The decree for performance is not in aid of a violation of the statute, but in aid of avoiding a violation thereof.