## Commonwealth *v.* Klein, Appellant.

*Criminal law—Larceny—Automobile—Taking under a claim of ownership—Evidence—Refusal of new trial—Abuse of discretion.*

In the trial of an indictment charging defendant with (1) the larceny of an automobile, and (2) the unlawful operation of an automobile without the consent of the owner, it appeared that the prosecutor had purchased the automobile on October 24, 1926, from an agent of the Windsor Motors, who later absconded.   He took the car to his home in New Jersey; but about a month later stored the car for the night at the garage of the Windsor Motors, leaving it

unlocked. The following morning the defendant took the car from the garage.

The defense was that defendant was the owner of the car having purchased it from the Windsor Motors on October 4, 1926. The testimony offered by the defendant was uncontradicted and was supported by documentary evidence which negatived any felonious taking on the part of the defendant and established rather a taking under a claim of ownership, entitling him to an acquittal.

In the absence of a request for binding instructions in the court below, the Superior Court could not discharge the defendant; but the refusal of the lower court to grant a new trial under these conditions constituted such an abuse of discretion as to require the reversal of the judgment.

Argued October 4, 1927. Appeals Nos. 109, 110, October T., 1927, by defendant from judgment of Q. S. Philadelphia County, December T., 1926, Nos. 517, 518, in the case of Commonwealth of Pennsylvania v. Martin J. Klein. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Indictment for the larceny of an automobile and the unlawful operation of an automobile without the consent of the owner. Before BARNETT, J., 41st Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was the refusal of a new trial.

*C. Oscar Beasley,* for appellant.

*Vincent A. Carroll,* Assistant District Attorney, and with him *Charles Edwin Fox,* District Attorney, for appellee.

OPINION BY KELLER, J., November 21, 1927:

These prosecutions should not have been submitted

to a jury. They raised an issue for the civil rather than the criminal courts.

On October 24, 1926, the prosecutor, Rauch, a resident of Atlantic City, bought a new Paige Sedan automobile, Model 1927, Engine No. 422140, Manufacturer's No. 413602, from John J. Hughes, manager for Horace U. Griesbach, trading as Windsor Motors, a dealer in automobiles, for $1,895, of which he paid down $300 cash. On October 26th Hughes delivered him the car and he took it to Atlantic City. On that day at Hughes' request he gave the latter a check made payable to his individual order, instead of to Windsor Motors, for $807.50. How and when he paid the remainder, $787.-50, if at all, does not appear from the record before us. Hughes did not give him a certificate of title for the car, but said he would procure one for him. He never did, however, and absconded. On November 27th, Rauch drove the car to Philadelphia and stored it for the night at the garage of Windsor Motors and was directed by Griesbach to leave it near the door and unlocked, so that it could be moved around, if necessary. The following morning, Klein, the defendant, came to the garage and took away the car. Thereupon Rauch had him arrested for its theft, and he was indicted for (1) larceny and (2) unlawfully operating the automobile without the consent of the owner.

Klein's defense was that he had bought the car from Griesbach on October 4, 1926, for $1,895, of which he paid $650 cash and financed the balance by executing a conditional sale contract with the seller which was duly assigned to the Manufacturers' Finance Company of Baltimore, Md., and by giving it a non-negotiable judgment note for $1,358.35 dated October 4, 1926, payable in six monthly instalments of $226.-70 each, the first payable one month after date. Griesbach corroborated the defendant in detail. The original of the conditional sale contract was not produced at

the trial, but a representative of the company testified that it was in Baltimore and had been assigned as collateral in bank for loans. He produced, however, an alleged typewritten copy of the contract and attached note, with date and terms as above-stated, but as he was not familiar with Klein's signature and no one present in court had compared the copy with the original and could testify that it was a true and correct copy of the original contract and note, the court committed no error in refusing to receive it in evidence. Klein produced in evidence a receipt signed by Windsor Motors, per H. Griesbach, dated October 4, 1926, for $650 as a deposit on "Paige DeLuxe Sedan, Engine No. 422140, Serial No. 413602, Price of Sedan delivered fully equipped $1,895, balance to be paid Manufacturers' Finance Co. $1,245, without finance charges," which Griesbach testified that he had given on the date stated in the receipt. Klein also produced his check on United Security Trust Company dated November 4, 1926, payable to the order of Manufacturers' Finance Company for $226.70, which went through Penn National Bank on November 6, 1926, and was paid through the Philadelphia Clearing House. He also produced subsequent checks for the same amount payable to the same payee, dated December 4, 1926, January 4, 1927 and February 3, 1927 which had been paid in like manner. He also offered in evidence an insurance policy on the car (identified by engine and serial number) issued by The Mercantile Insurance Co. of America, dated November 3, 1926, insuring the car in the name of The Manufacturers' Finance Company, and Martin J. Klein as the assured, in the sum of $1,516 for one year from October 4, 1926 to October 4, 1927, which set forth the purchase of the car by Klein in October, 1926, at a cost of $1,895, of which $650 was paid by purchaser as initial cash payment and the balance to be paid in six monthly instalments of $226.70 each.

Klein testified that he left the car, after his purchase, at the garage, waiting until he secured his license. The certificate of title for the car issued to Windsor Motors, was assigned by Griesbach to Klein and with Klein's application for a new certificate of title was forwarded to the State Highway Department. The photostatic copy of the certificate received in evidence failed to show the date when issued to Windsor Motors or when received by the Highway Department, but the affidavits to the assignment and application were taken before a Notary Public of Philadelphia County on November 8, 1927.

The testimony offered by defendant was uncontradicted and was supported by documentary evidence which negatived any felonious taking on the part of Klein and established rather a taking under a claim of property, and justified a directed acquittal of the charge of larceny; leaving the parties to settle their respective claims of title in the civil courts.

The rebuttal evidence introduced on behalf of the Commonwealth to impeach the credibility of Griesbach by showing that he had attempted in November, 1926, to dispose of another automobile, left with him for demonstration purposes only, to Klein, which, it is only fair to say, the latter denied in toto, could not overcome the effect of the documentary evidence in the case. It is not within the realm of probability that the defendant and Griesbach would concoct a scheme for the future theft of a car then in Atlantic City, with no assurance that it would ever be returned to the Windsor Motors garage at Philadelphia where it could be stolen, execute a fictitious conditional sale contract for this car with a finance company, which must likewise have been cognizant of the intended theft, and give it a judgment note for $1,358.35, pay $226.70 on account of this fictitious and fraudulent note, take out insurance for this very car, in

accordance with the terms of the fictitious sale contract, and swear to an assignment of title and application for certificate of title, from twenty to twenty-five days before the possessor of the car conceived the notion of spending a day in Philadelphia and leaving his car at the Windsor Motors garage, where it might be stolen. To state it is to show its preposterousness. While Rauch, apparently, had probable cause for swearing out the warrant, the documentary evidence supporting the defendant's testimony disclosed a taking and operation under claim of ownership which should have resulted in binding instructions for the defendant on both charges.

No point for such instructions was presented. Hence we cannot discharge the defendant. But a refusal to grant a new trial under such conditions constitutes an abuse of discretion, requiring a reversal of the judgment.

The third assignment of error in each appeal is sustained. The judgments are reversed with a venire facias de novo.