Braham & Company, Appellant, *v.* Steinard-Hannon Motor Co. et al.

Argued April 17, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Clyde Gibson,* and with him *J. Elder Bryan,* for appellant.—Under the words, "said certificate of title shall contain ...... a statement of any liens or encumbrances ...... in section 2 of the Act of 24th of May, A. D. 1923, P. L. 425, providing a system of registering titles to motor vehicles, etc., the one holding such a lien or encumbrance has a qualified property in the automobile which he may pass by assignment or bill of sale: Wendel v. Smith et al., 291 Pa. 247; Leach v. Standford Motor Truck, 279 Pa. 160; Sampson Motor Truck Co. v. Penn Ave. Garage, 72 P. L. J. 140.

Under sections 3 and 4 of the Automobile Act of May 24, 1923, where the owner of a motor vehicle having a certificate of title thereto turns the same in to an automobile dealer on the purchase of a new car, and the dealer in turn sells it to a third person by bailment lease, the certificate of title need not be as-

signed from the original owner to the dealer and from the dealer to the third person: Meskiman v. Adams, 149 North Eastern 93; Stambler v. Walsh, 220 N. Y. S. 41; Edson & Co. v. Rinker et al., 20 Berks 81; Kreisher Auto Sales Co., etc. v. Rimaraitus et al., 20 Northampton County Reports 403.

*Roy M. Jamison,* of *Graham, Matthews & Jamison,* for appellee.—Title to an automobile is in one hôlding certificate of title from the Highway Department: Brenner v. Pecarsky, 86 Pa. Superior Ct. 414; Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218; Barnett v. Fein, 41 Pa. Superior Ct. 423.

OPINION BY KELLER, J., July 2, 1929:

This is a sheriff's interpleader. The defendant having secured a judgment against Michael Pazzo, caused a writ of testatum fieri facias to be issued against him from the court of common pleas of Allegheny County, and by virtue thereof the sheriff of Lawrence County levied on an Oakland sedan automobile in his possession. H. L. Braham & Co., filed a property claim with the sheriff, alleging that the automobile belonged to it, and this issue was framed.

It is admitted that in April, 1927, the automobile in question belonged to J. B. Nielsen, and that he had obtained a certificate of title for it in accordance with the Act of May 24, 1923, P. L. 425, as amended by Act of April 27, 1925, P. L. 286. He bought a new automobile from the State Auto Sales Co. of New Castle and traded in his Oakland sedan in part payment. With it he delivered his certificate of title, assigned by him, but, evidently, in blank. Two or three days later the State Auto Sales Co. delivered the Oakland sedan to Michael Pazzo, under the terms of a bailment lease, which contemplated his eventual purchase of the car, after he had completed his rental payments

under the contract. The contract between them was unquestionably, under the decisions, a bailment lease and not a conditional sale. At this time Pazzo's name was filled in the blank assignment on the back of the certificate of title which Nielsen had signed, setting forth, "We hereby lease to, sell, assign, transfer or set over to ...... the motor vehicle described on the other side of this certificate of title." Nielsen had no dealings whatever with Pazzo. Pazzo then made application for a new certificate of title, in which he failed to state whether he had acquired possession of the car as purchaser or lessee, but set forth that he held possession subject to a 'lien, encumbrance or legal claim' in favor of the State Auto Sales Co. of $1,000. A new certificate of title, with a notation of the lien, encumbrance or claim of the State Auto Sales Co. was duly issued in Pazzo's name, but in accordance with the provisions of the Act of 1925, supra, section 2, was delivered to State Auto Sales Co. The latter, then, for value received, sold, assigned and transferred to H. L. Braham & Co., the appellant in this case, the automobile in suit, the lease for the same to Pazzo, the note or notes accompanying the lease, and the certificate of title issued to Pazzo as "purchaser or lessee."

On the trial of the interpleader issue the court directed a verdict in favor of the plaintiff, the Braham Co., but subsequently entered judgment non obstante veredicto in favor of the appellee, plaintiff in the execution and defendant in the issue, on the ground that in the sale of the car to the State Auto Sales Co., predecessor in title of the Braham Co., the parties had not complied with the Act of 1923, as amended by the Act of 1925, aforesaid, in that the certificate of title, instead of being assigned from Nielsen to Pazzo, should have been assigned by Nielsen to State Auto

Sales Co. and a new certificate of title obtained and assigned by the latter to Pazzo; and that because of this non-compliance with the statute the State Auto Sales Co. could not enforce its title to the car as against an execution creditor of Pazzo, nor could its transferee, the Braham Co., do so.

Baldly stated, the proposition is that although Pazzo was only a bailee in possession of the car, and not the owner, in its usual legal meaning, any judgment creditor of his could levy upon and sell it in execution for his debt, and shut out all rights and claims of the real owner and proprietor, because the parties in making the bailment to Pazzo had cut across lots and secured only one certificate of title instead of two; that the failure strictly to comply with the provisions of the act transformed Pazzo's possession as bailee into ownership, so as to subject some one else's property to execution for his judgment—a new way of paying old debts.

It is clear that the primary purpose of the Act of 1923, supra, was to protect the public against the theft of automobiles and their resale by the thief, and to facilitate the recovery of stolen automobiles. It was a police measure, and was not designed to establish the ownership or proprietorship of the car, but rather to register the name and address of the person having the present right of possession, and to furnish persons dealing with one in possession of a car a means of determining whether such possession was prima facie lawful. The certificate issued under the provisions of the act does not convey title to the automobile as a patent from the Federal Land Office does to government land: Meskiman v. Adams, 149 N. E. 93 (Indiana). This is apparent from the fact that the term "owner," as defined in the act does not have the usual meaning attaching to absolute ownership, but includes

"the person or persons having a motor vehicle in his or their possession, custody or control, under a *lease,* or contract of conditional sale or other like agreement." The certificate may be applied for by either purchaser or lessee, and the applicant states that he has "acquired possession of the motor vehicle described on the other side of this certificate of title by purchase or lease;" while the Secretary of Highways only certifies that he has used reasonable diligence in ascertaining whether or not the facts stated in the application are true, and is "satisfied that the applicant is the lawful owner of the above described motor vehicle, *or is otherwise entitled to have the same registered in his name;"* and that the applicant has been duly registered in the office of the Pennsylvania Department of Highways as the lawful "owner" of .the said motor vehicle, and that it appears upon the official records of his office that at the date of issuance of said certificate the motor vehicle was subject to the encumbrance theretofore mentioned, if any.

The act seems to have been adapted from a similar statute of some other State, having different provisions from Pennsylvania as to bailments, conditional sales, and liens and encumbrances on personal property; and the certificate issued under it furnishes little real information to an intending buyer; but it is clear that the certificate does not purport to grant title to anyone, or even to certify that the person to whom it is issued is the absolute owner of the car, or has any title to it beyond the right to have it registered, under the provisions of the act, in his name; and this is largely routine, for in Com. v. Klein, 91 Pa. Superior Ct. 566, it appeared in the record before us that two "certificates of title" for the same car, neither bearing any date, had been issued within a month to two different and adverse claimants, without revoking

either, both containing the usual clauses as to the use of "due diligence in ascertaining whether the facts stated in the application are true," and as to being "satisfied that the applicant is the lawful owner of the above described motor vehicle or is otherwise entitled to have the same registered in his name."

It follows that the act does not provide nor intend to provide ·that the "certificate of title" shall determine the absolute ownership of the car, or alter or affect in any manner the actual ownership of the vehicle and the relations of the persons interested in it. It only requires registration by the person entitled to its possession and in control of its operation. The certificate is not a warrant of ownership or muniment of title as usually understood in the law. It may· be relevant evidence in establishing such title.

Nor do we think a failure to comply strictly with the provisions of the act as to assignment of certificate and registration in the Highway Department carries with it a forfeiture of one's property rights in the motor vehicle. The statute does not so provide, and the law does not favor forfeitures nor enforce them by implication. In the absence of an express provision in the statute giving it that effect, the owner of a motor vehicle should not be held to have lost his property in it or right to it, because of a failure to observe the provisions of a law enacted for his benefit and protection; especially so, where the violation was technical in character.

As before pointed out, our act defines the term "owner" so as to include within its provisions a lessee of the car; it provides for registration of a motor vehicle by a lessee in possession; it contains no provision avoiding a sale or lease of a motor vehicle unless a "certificate of title" is delivered to the purchaser or lessee; it declares no forfeiture of owner-

ship because of a failure to comply with its provisions. Hence decisions in other states whose statutes restrict registration to the absolute owner of the vehicle, or avoid a sale or transfer of the vehicle unless made in compliance with the statute are not persuasive authority for us. We prefer to follow those jurisdictions which hold that a failure to observe the statutory regulations prescribed for the sale or transfer of a second hand motor vehicle may subject the offending party to the penalty imposed in the act, but does not avoid the transaction nor deprive the owner of his property in the car nor affect his right to bring an action of replevin or for conversion, or file a property claim for it in enforcement of such right of ownership: Moody v. Goodwin, 200 Pac. 733 (Calif.); Goodman v. Anglo-California Trust Co., 217 Pac. 1078 (Calif.); Hennessy v. Automobile Owners' Ins. Assn., 282 S. W. 791, 792, 793 (Texas); Wooten v. Arnett's Auto Parts Co., 287 S. W. 667 (Texas); Bond Lumber Co. v. Timmons, 267 Pac. 802 (Mont.); Carolina Discount Corp. v. Landis Motor Co., 190 N. C. 157, 129 S. E. 414; Littell v. Brayton Motor & Accessory Co., 201 Pac. 34 (Colo.); Forney v. Jones, 231 Pac. 158 (Colo.); Gaub v. Mosher, 129 Atl. 253 (N. J.). See also 42 C. J. 775, 776.

The decision in Brenner v. Pecarsky, 86 Pa. Superior Ct. 414, relied upon by the appellee and the court below, gives no warrant for a contrary conclusion. That case was concerned with a different statute, Act of June 30, 1919, P. L. 702, and related to an attempt to enforce a contract for the sale of a second hand motor truck which had been made without complying with the provisions of that act. We followed the rule that courts will not lend their aid to the enforcement of an unlawful contract, and held that as it appeared from the plaintiff's own case that he was asking the

aid of the court to enforce a contract the making of which was prohibited by statute, he could not recover. In that case both parties to the contract had violated the act, but we nowhere decided or intimated that such a violation forfeited the owner's property in the truck or that he could not issue a writ of replevin for it against one who unlawfully took it from him, nor claim it as his property against an execution creditor levying upon it as the property of another. The rule is limited to actions seeking to enforce the illegal contract. For a somewhat similar case, see Arotzky v. Kropnitzky, 120 Atl. 921 (N. J.), as construed and explained in Gaub v. Mosher, supra.

We need not decide in this case whether the act of the State Motor Sales Co., making a short cut in transferring the "certificate of title" to Pazzo, subjected it to the penalty prescribed for a violation of the Act of 1923, supra, or not. It is sufficient, in this case, for us to hold that assuming it was a violation of that statute it did not forfeit the Sales Company's ownership of the car nor transform Pazzo's possession of it as bailee into absolute ownership so that it could be taken in execution and sold for his debts over the protest and against the claim of property of the bailor and real owner.

The assignment of error is sustained. The judgment is reversed and is now entered on the verdict in favor of the appellant.