## Sidle v. Goldman, Appellant.

14

Argued April 19, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*M. J. Laponsky,* for appellant.

*Linn V. Phillips,* for appellee.

Opinion by Stadtfeld, J., October 10, 1932:

This is a replevin case wherein defendant appeals from a judgment entered on a verdict in favor of plaintiff, in an action for the recovery of possession of a Pontiac coupe.

Both plaintiff and defendant were engaged as dealers in automobiles in the Borough of Brownsville. The car in question at the time of the issuance of the writ was in the possession of the defendant. Plaintiff's statement of claim set forth the alleged ownership of the car, having acquired the title thereto by purchase on June 6, 1930, and the certificate of title in his own name, and that he acquired title thereto at the instance and request of Andy Fabian, former owner, from the Fayette Motor Finance Corporation.

Defendant's affidavit of defense denied the title and right of possession in plaintiff, or that the said car was acquired by purchase on June 6, 1930, or at any other time. Defendant claimed that the said car was the property of said Andy Fabian, and that on the 30th day of June, 1930, the latter, for a good and valuable consideration, sold and delivered the same to the defendant, who has been in possession of the same ever since said date.

Upon these pleadings the case went to trial before HUDSON, P. J. In plaintiff's case in chief, he produced and offered in evidence a certificate of title in his own name issued by the State Highway Department for the car in question. He testified that he received the original certificate of title from the Fayette Motor Finance Company which held an encumbrance on the same, upon a written authorization from Andy Fabian, owner, directing delivery to plaintiff upon payment of the balance due thereon; that a draft was made by the finance company, with the certificate of title attached, in the sum of $88.50, which was paid by plaintiff and the certificate of title delivered to the latter; that plaintiff had Andy Fabian assign the title certificate to him, and that he forwarded the same to the department at Harrisburg and had a new certificate issued in his own name.

Defendant, on his behalf, testified that on June 28, 1930, Andy Fabian entered into a written contract of

purchase, from the defendant, of a Dodge roadster, and in part payment therefor, Fabian agreed to trade in his Pontiac car, and, pursuant to said agreement, actually delivered the same to the defendant on June 30, 1930, and received the Dodge car. Defendant was informed at the time by Fabian that plaintiff held the certificate of title for the Pontiac car as security for a loan of $88.50, which Fabian claimed plaintiff had advanced to liquidate the last two installments due thereon. Defendant admitted that he knew that Fabian had entered into a contract of purchase of a car from plaintiff. He was therefore visited with notice and put upon inquiry.

Andy Fabian testified that he signed the authorization to the Fayette Motor Company, dated June 6, 1930, for the delivery of the certificate of title to plaintiff upon the offer of plaintiff to pay the two installments of $88.50 which Fabian could either pay back to him or else trade his car for a new one. That four days later, plaintiff, having obtained the certificate of title from the finance company, had Fabian assign the same with the understanding that he didn't have to buy a car unless he really wanted to, and that the assignment was to secure plaintiff for the money advanced. He denied that he had signed the alleged contract of purchase of a car from plaintiff on June 6th, and claimed that the paper purporting to be a contract of purchase bearing his signature was not signed until some time in July, two weeks after the purchase of the Dodge car from defendant, and that the blank spaces on the paper were not filled out at the time; that he signed the same on the promise of plaintiff to return the certificate of title for the old car.

In rebuttal, plaintiff testified, without objection on part of defendant, that on June 6th, Fabian called at plaintiff's place of business with his brother and two friends, being interested in a new Pontiac car; that Fabian, after taking out and trying out one of the new

models, entered into a written contract of purchase of a Pontiac coupe. The contract, bearing the signature of Fabian, was identified and offered in evidence. Under it Fabian agreed to purchase a new car, giving his used car (the one in question in this case) as part payment, being allowed a credit of $400 therefor. On the same day, he signed the written authorization to the finance company to deliver the certificate of title to plaintiff on payment of the outstanding balance. About two weeks later, he called on Fabian at the latter's home, and tendered the automobile the latter had purchased; Fabian informed plaintiff that he had purchased a Dodge car from the defendant, and wanted his, Fabian's, certificate of title for the old car.

The case was submitted to the jury to determine the right of possession in plaintiff or defendant, in a charge to which no exception was taken by either side. The jury found in favor of plaintiff. A motion for judgment in favor of defendant non obstante veredicto was made, subsequently refused by the court, and judgment directed to be entered for plaintiff. From that judgment this appeal is taken.

The only assignment of error is the refusal to enter judgment n. o. v. in favor of defendant.

Appellant in support of his contention urges that the certificate of title is not prima facie evidence of ownership, nor does it carry with it the right of possession. He stresses the case of Braham and Co. v. Steinard-Hannon Motor Co., 97 Pa. Superior Ct. 19, as sustaining his position. In that case, A traded in a car, making a blank assignment of the certificate of title. B, a dealer, executed a bailment lease of the automobile to C, delivering to him the certificate assigned in blank by A. C procured a new certificate showing B's incumbrance. B assigned the lease to D. A, creditor of C, levied upon the automobile and D sought to recover it in replevin. Judgment was given for D on the ground that failure to comply with the

statutory requirements in the transfer of the certificate did not forfeit D's property, thus holding that the certificate was not absolute and conclusive evidence of ownership.

We quote from the opinion in that case by our Brother KELLER, p. 25: "It follows that the act does not provide nor intend to provide that the 'certificate of title' shall determine the absolute ownership of the car, or alter or affect in any manner the actual ownership of the vehicle and the relations of the persons interested in it. It only requires registration by the person entitled to its possession and in control of its operation. The certificate is not a warrant of ownership or muniment of title as usually understood in the law. It may be relevant evidence in establishing such title."

Subsequent to said decision, the "Vehicle Code" was adopted in the Sessions of 1929, P. L. 903. It provides, inter alia, Sec. 201 (p. 913): "Certificate of title required. a. No person who is a resident of this Commonwealth shall own a motor vehicle in this Commonwealth unless a certificate of title therefor shall have been obtained as provided in this act."

This act differs materially from prior acts relative to certificates of title. It attempts to enlarge very much the scope of the certificate. What its legal effect may be, it is not necessary for us to decide in this case.

Appellant also cites the case of McKee v. Ward, 289 Pa. 414, for the application of the principle "where the same thing is sold to two different persons by contracts equally valid, and the second vendee is without notice of the first sale, he who first obtains possession is entitled to the property." Irrespective of any other consideration, it has no application to the instant case for the reason that defendant admits his knowledge of the possession by plaintiff of the certificate of title.

We have no doubt of the admissibility of the certificate of title as relevant evidence of title and right

of possession: Braham v. Steinard-Hannon Motor Co., supra.

Defendant also claims, assuming that the certificate of title did not make out a prima facie case, that plaintiff should not have been permitted to introduce in rebuttal the testimony in relation to the written order executed by Fabian for the purchase of a new Pontiac car. In support of this contention, he cites the case of Acklin v. McCalmont Oil Co., 201 Pa. 257. All that case decided is that plaintiff cannot claim as a right to give as evidence in rebuttal that which he might have given in chief. The admission of testimony in rebuttal is largely within the discretion of the trial judge. A complete and sufficient answer to defendant's contention is that no objection was made to this testimony on the trial of the case, and it cannot be urged for the first time on appeal.

The provision in the written order placed with plaintiff for the purchase by Fabian of a new Pontiac car, that in case of a breach by the purchaser, "you may retain as liquidated damages therefor a sum sufficient to cover the cost of preparing and equipping the car in question" was for the benefit of the vendor. In place of taking the benefit of that provision, he saw fit to stand on the performance of the contract and tendered to Fabian the car ordered.

To determine the right of property and possession of the automobile, the whole transaction was for the consideration of the jury, which found for plaintiff. We find no error in the action of the court below in entering judgment on the verdict.

The assignment of error is overruled and judgment affirmed.