## In re FELL.

No. 18003.

District Court, E. D. Pennsylvania.

Nov. 17, 1936.

Frank F. Truscott, of Philadelphia, Pa., for petitioner.

Jenkins & Bennett, of Philadelphia, 'Pa., for trustee.

MARIS, District Judge.

This matter comes before us on a certificate for the review of an order of the

referee awarding to the Paoli Bank & Trust Company the net proceeds of the sale of six motor vehicles for which the bank had filed a reclamation petition, the vehicles having been sold by the trustee by agreement and the proceeds substituted therefor. The six motor vehicles involved consisted of an International school bus, a Chevrolet coach, a Chevrolet truck, a Buick sedan, an Oldsmobile sedan, and a Reo truck. The evidence indicated that these six vehicles were all pledged by the bankrupt to the bank as security for certain loans made by the bank to him. In the case of the school bus the transaction took the form of a bill of sale by the bankrupt to the bank and a bailment lease by the bank to the bankrupt. In the case of the other five vehicles agreements were executed by the bankrupt to the bank pledging the vehicles as security for the payment of his liabilities. In the case of each vehicle the lien of the pledge to the bank was noted by the Secretary of Revenue upon the certificate of title to the vehicle as authorized by The Vehicle Code of Pennsylvania (Act May. 1, 1929, P.L. 905 [75 P.S.Pa. § 1 et seq.]). The only evidence indicating a transfer of possession to the bank was that the vehicles at the time the papers were executed were driven to the door of the bank, shown to an officer of the bank, and then driven away and retained in the possession of the bankrupt.

■ There was thus no real transfer of possession and the referee properly found as to all these vehicles that the transaction between the parties was in reality a pledge by the bankrupt to the bank as security for loans. Since the pledgee did not take possession, its lien was void as against the trustee in bankruptcy of the bankrupt (Root v. Republic Acceptance Corporation, 279 Pa. 55, 123 A. 650), unless the notation of the lien of the pledge upon the bankrupt's certificates of title made unnecessary the transfer of possession. It is quite clear, however, that as between the bankrupt and the bank the contract of pledge was perfectly valid, even though the pledgor retained possession of the vehicles, and that it created an equitable lien enforceable against the vehicles in the hands, not only of the pledgor, but also of his personal representatives, voluntary assignees, and purchasers or encumbrancers with notice. Davis v. Billings, 254 Pa. 574, 581, 99 A. 163.

■ The rule first laid down in Clow v. Woods, 5 Serg. & R. (Pa.) 275, 9 Am. Dec. 346, which holds that the pledge of a chattel unaccompanied by transfer of possession to the pledgee is fraudulent as against subsequent bona fide purchasers, pledgees, and execution creditors of the pledgor, is based upon the proposition that such persons are likely to be misled by the pledgor's retention of possession into the belief that he is entitled to deal with it in all respects as his own. As stated by Mr. Justice Sadler in Newman v. Globe Indemnity Co., 275 Pa. 374, 378, 119 A. 488, 490, "this rule is applied, however, only to protect those who, *without notice,* acquire rights." Accordingly it has been held that if the purchaser, pledgee, or execution creditor has notice of the pledge it is good against him if valid against the pledgor, even though the pledgee has not taken possession. Davis v. Billings, supra; Collins' Appeal, 3 Penny. (Pa.) 333.

■ This brings us to the question whether the notation of the pledgee's lien on the certificates of title was such notice to the trustee in bankruptcy, who stood in the position of an execution creditor, as made it unnecessary for the pledgee to take possession. This question finds its answer in the provisions of the Pennsylvania Vehicle Code and particularly section 208 thereof, as amended by the Act of May 25, 1933, P.L. 1059. (75 P.S.Pa. § 38). Section 208 is a part of article 2 of the Code (75 P.S.Pa. § 31 et seq.), which provides for the issuance by the Secretary of Revenue of certificates of title for motor vehicles. The act requires the issuance of such certificates by the secretary for all motor vehicles owned by residents of Pennsylvania, other than manufacturers, jobbers and dealers. It provides that in making application for a certificate of title the owner shall include a statement of any liens or encumbrances on the vehicle and the secretary shall issue a certificate of title upon which the said liens or encumbrances shall be shown. The act of 1933, the purpose of which is stated in its title to be, inter alia, to determine "the effect of the issuance of a certificate of title showing a lien or encumbrance," amended section 208 of article 2 of the Code by adding, inter alia, the following clause: "The certificate of title, when issued by the secretary, showing a lien or encumbrance shall be adequate notice to the Commonwealth, credi-

tors, and purchasers that a lien against the motor vehicle exists, and failure to transfer possession of the vehicle shall not invalidate said lien or encumbrance."

What is the effect of this amendment? A careful examination of the Pennsylvania cases fails to disclose any reported decision construing its terms. We must, therefore, place our own interpretation upon it. When we consider its provisions in the light of the existing law, it seems clear that it is intended to be a recording act, the purpose of which is to provide a method whereby notice of a lien or encumbrance placed upon a motor vehicle may be given to creditors of and purchasers from the pledgor so as to bind them without requiring the pledgor to give up physical possession of the vehicle to the pledgee. It seems to us that this intent is manifest from the language of the amending act. It provides that the notation of the lien or encumbrance on the certificate of title of the motor vehicle "shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle exists." As we have pointed out, purchasers and creditors with notice are bound by a pledge valid between the parties, even though no transfer of possession has taken place. It therefore follows that the effect of this statutory provision is to eliminate the requirement for such a transfer of possession. That this was the legislative intention is made certain by the provisions which follow immediately that "failure to transfer possession of the vehicle shall not invalidate said lien or encumbrance."

■ We do not construe this amending act as requiring the Secretary of Revenue to make any determination as to the validity of a lien or encumbrance reported to him by an owner. On the other hand, we think it quite clear that the act leaves to a creditor or purchaser full liberty to invoke against a pledgee any and all defenses which may be available to the pledgor. The sole effect of the act is, as in the case of any other recording act, to give public notice to parties interested with regard to liens and encumbrances on motor vehicles which shall be binding upon them whether the notice is actually brought home to them or not. There is here no delegation of judicial power to the Secretary of Revenue, as urged by the trustee, and the act is therefore not unconstitutional.

While the procedure under the act is somewhat different from that provided by the usual recording act, it seems to us reasonably designed to carry out its purpose to give notice to parties interested. The certificate of title which each Pennsylvania motor vehicle owner is required to have, shows on its face all liens or encumbrances against the vehicle so that any one dealing with a motor vehicle need only examine its certificate of title in order to secure actual knowledge of all liens and encumbrances with notice of which the statute charges him. Furthermore, any one interested may secure the same information by inquiry from the Secretary of Revenue. It may be noted that this is not the first Pennsylvania act for recording liens on chattels. While the Pennsylvania Legislature has never enacted a general statute for the recording of chattel mortgages, it has passed many recording acts applicable to mortgages and pledges upon specific classes of chattels. Thus at the same session at which was passed the amending act with which we are concerned, the Legislature also passed an act authorizing the recording of chattel mortgages on livestock, farm machinery, farm equipment, and crops (Act March 2, 1933, P.L. 6).

[5] Getting back to the facts of the present case, we have already seen that the lien of the plaintiff bank was noted upon the title certificates issued for the six motor vehicles referred to. There being no question raised as to the validity of the lien of the pledge as between the parties, it was therefore binding upon the trustee in bankruptcy, and the referee's action in awarding the proceeds of the sale of these vehicles to the claimant bank was correct.

■■ This, however, does not entirely dispose of the matter, since it appears from the record that there was a seventh vehicle, a Chevrolet Sport coupé, for which the bank also filed a reclamation petition and the proceeds of the sale of which were included in the fund awarded to the bank, although the referee in his order referred to six vehicles only. The facts as to this car were that the bankrupt had borrowed a sum of money from the bank with which to purchase this and other cars from the manufacturer, and that when this car arrived the certificate of title at the request of the bankrupt was issued by the Secretary of Rev-

enue in the name of the bank. The car was, however, never delivered to the bank, but was received by the bankrupt from the manufacturer and held by him for sale. No tags, signs, or other marks of ownership or identification were placed upon it to indicate that it was the bank's property. The referee found that this transaction was in fact a pledge of the car as security for the loan, and he seems to have held that under the act of 1933 the pledge was good as against the trustee in bankruptcy. In this he fell into error, since there is no evidence that a lien or encumbrance in favor of the bank was noted on the certificate of title of this car. On the contrary, the evidence is that the certificate of title was made out to the bank as owner. Neither the amending act of 1933, however, nor the Vehicle Code prior to the amendment, provides that the issuance of a certificate of title to one stated therein to be the owner shall be notice to any one of that person's claim of ownership. The act does not provide, or intend to provide, that the certificate of title shall determine the absolute ownership of the car, or alter or affect in any manner the actual ownership of the vehicle and the relations of the persons interested in its ownership. It only requires registration of the person entitled to its possession and in control of its operation. The certificate is not a warrant of ownership or muniment of title as usually understood in the law. Braham & Co. v. Steinard-Hannon M. Co., 97 Pa.Super. 19; General Motors Acceptance Corporation v. Hartman, 114 Pa. Super. 544, 174 A. 795. It follows that the validity of the rights of all persons claiming ownership, as distinguished from those who claim a lien or encumbrance registered under the provisions of the act of 1933, must depend upon their compliance with the requirements of the general law upon the subject of the ownership of chattels. Consequently the bank, in order to sustain its claim to the Chevrolet coupé as against the trustee in bankruptcy, must show that it took possession of the car, and since the evidence is that it did not do so, its claim as to this car must be denied.

As we have said, it appears from the record that the referee awarded the entire fund realized from the sale of all seven cars to the bank. His order must, therefore, be modified by eliminating therefrom the net proceeds of the sale of the Chevrolet coupé. As so modified, it is confirmed. The record will be returned to the referee in order that he may modify his order in accordance with this opinion.