**56**

**In re BAIR.**
**No. 10001.**

District Court, M. D. Pennsylvania.
March 6, 1943.

Lewis F. Adler, of Harrisburg, Pa., for petitioner.

Sidney G. Handler and Samuel Handler, both of Harrisburg, Pa., for respondent.

JOHNSON, District Judge.

On October 10, 1939, a rule was granted to the petitioner, Prudence Credit Corporation, and upon the Bankrupt and the Receiver to show cause why two certain motor vehicles in the possession of the Receiver should not be delivered to the petitioner.

The dispute from which this proceeding originated is based upon the following facts: On March 15, 1939, Ralph M. Bair, trading as Ralph Cigar and Tobacco Company, executed a judgment exemption note in favor of the petitioner in the amount of Three Hundred Dollars ($300), and as collateral security sold to petitioner a Ford Truck which was on the same date leased to Bair by written instrument signed by both parties. On the same day another transaction was concluded wherein one Charles E. Grow executed a note in favor of petitioner, endorsed by Ralph M. Bair, individually, in the amount of Two Hundred Fifty-Five Dollars ($255), and as collateral security therefor Bair entered into a lease for another Ford Truck wherein Bair appeared as lessee and petitioner as lessor. By stipulation filed it is agreed that at the time of the execution of the aforesaid lease agreements the motor vehicle first above mentioned was titled in the name of Ralph Cigar Company and the second vehicle was titled in the name of Ralph Bair. It is further stipulated that both certificates of title were encumbered in favor of petitioner and that at no time did petitioner have possession of the motor vehicles.

Bair defaulted in payments under the terms of the lease agreements prior to his adjudication as a bankrupt on July 24, 1939.

Petitioner filed a reclamation petition based upon its alleged ownership of the vehicles in controversy. Before the matter could be disposed of, two Referees, before whom the petition was presented, had died. The third Referee dismissed the petition and discharged the rule. The matter now comes before this Court on a certificate of review.

The point in controversy may be presented in the following words: Whether or not an encumbrance noted on the certificate of title of a motor vehicle prior to the effective date of the Pennsylvania Act of Assembly of June 27, 1939, P.L. 1135, 75 P.S. §§ 2, 31 et seq., is a valid lien as against creditors of a bankrupt who was adjudicated prior to the effective date of the Act.

Before proceeding to an examination of the contention of the parties hereto it will be necessary to refer to the Acts of Assembly bearing upon the matters to be discussed later. The Act of May 25, 1933, P.L. 1059, 75 P.S. § 38, amended Section 208 of the Act of 1929, P.L. 905, as is shown by the title to the amendment "by providing for the continuance of a lien on motor vehicles where ownership is changed by operation of law or judicial sale, and determining the effect of the issuance of a certificate of title showing a lien or encumbrance". The particular part of the amendment with which we are here concerned reads as follows: "The certificate of title, when issued by the secretary, showing a lien or encumbrance shall be adequate notice to the Commonwealth, creditors, and purchasers that a lien against the motor vehicle exists, and failure to transfer possession of the vehicle shall not invalidate said lien or encumbrance".

Section 203 of the Act of May 1, 1929, P.L. 905, was amended by the Act of June 27, 1939, P.L. 1135, 75 P.S. § 33, by "further amplifying and changing the provisions of said act relating to certificates of

title \* \* \* and declaring liens and encumbrances shown on such certificates to be lawful notice thereof to the Commonwealth, creditors and purchasers; \* \* \*." The amendment of 1939 to Section 203, with the addition of the words, "trailer, or semi-trailer", is identical with the wording of the amendment of 1933 to Section 208 as quoted in the paragraph above.

It thus appears that the same amendment has been twice inserted in the Vehicle Code; first, in 1933 as to Section 208; second, in 1939 as to Section 203. The last amendment was effective as of September 1, 1939. Act of May 28, 1937, P.L.1019, Article 1, Section 4, 46 P.S. § 504.

Petitioner argues that the amendment of 1933 to Section 208 is sufficiently general in its terms as to include all certificates of title.

Respondent contends that the amendment of 1933 to Section 208 is limited to transfers of title where ownership changed by operation of law or judicial sale.

■ In discussing the question raised in this Court by the certificate of review it is first noted that it has been the settled rule in Pennsylvania since the statutes 13 and 17 Elizabeth, and the common law relating thereto, that "where the only object is to create a lien, and at the same time, to retain possession, no matter how meritorious the debt may be, the conveyance will be fraudulent". Clow and another v. Woods, 5 Serg. & R. (Pa.) 275, 280, 9 Am.Dec. 346.

In the United States District Court for the Eastern District of Pennsylvania, Judge Maris, at that time United States District Court Judge, in deciding In re Fell, 16 F.Supp. 987, 989, Nov. 17, 1936, considered the amendments of 1933 of Section 208 in the following language: "What is the effect of this amendment? A careful examination of the Pennsylvania cases fails to disclose any reported decision construing its terms. We must, therefore, place our own interpretation upon it. When we consider its provisions in the light of the existing law, it seems clear that it is intended to be a recording act, the purpose of which is to provide a method whereby notice of a lien or encumbrance placed upon a motor vehicle may be given to creditors of and purchasers from the pledgor so as to bind them without requiring the pledgor to give up physical possession of the vehicle to the pledgee. It

seems to us that this intent is manifest from the language of the amending act".

In the case of Kauffman & Baer v. Monroe Motor Line Transp., Inc., 124 Pa.Super. 27, 187 A. 296, 298 (opinion dated October 9, 1936, but probably not yet reported when the case of In re Fell, supra, was decided), Judge Cunningham stated: " \* \* \* nor does the issuance of a Pennsylvania certificate of title listing the encumbrance charge a creditor with notice. The reasons for noting such encumbrances upon a certificate have been fully discussed in Braham & Co. v. Steinard-Hannon Motor Co. et al., 97 Pa.Super. 19, and need not be reviewed here. The amendment of May 25, 1933, P.L. 1059, § 1 [75 P.S. § 38] to section 208 of the Motor Vehicle Code \* \* \* has no application here. That section relates only to changes of ownership 'by operation of law and judicial sale.' It is sufficient to say that our Legislature has passed no statute requiring or even permitting the recording of such chattel mortgages as are here involved and thus giving notice to all the world".

The succeeding case in which this problem became the subject of judicial determination was that of Taplinger v. Northwestern Nat. Bank in Philadelphia, 3 Cir., 101 F.2d 274, 278. The opinion was by Judge Maris, then on the Circuit Court of Appeals, Third Circuit. In the case of In re Fell, supra, from which we have quoted, Judge Maris had considered the amendment of 1933 to Section 208 to be a general recording act and from an examination of his decision apparently based it on the fact that both Sections 208 and 203 are part of Article 2 of the Code; that Article 2 provides for all methods of titling, including the provisions of Section 201, "Certificate of Title Required"; Section 202, "Application for Certificate of Title"; Section 203, "Contents, Delivery and Life of Certificate of Title"; Section 204, "Issuance of Certificate of Title"; Section 205, "Correction of Certificate of Title"; Section 206, "Duplicate Certificate of Title"; Section 207, "Assignment of Certificate of Title" and Section 208, "Change of ownership by operation of law and judicial sale"; and therefore the amendment applied to all matters concerning title under Article 2, 75 P.S. §§ 31–38.

In the Taplinger case where the issue to be decided was the same as the one to be decided here, Judge Maris considered the Kauffman & Baer case, supra, and al-

though in complete disagreement with the decision thereof, expressed himself as follows:

"While the opinion of the Court contains no discussion of the language of the amendment and does not clearly indicate the basis for its conclusion the Court unquestionably held that the last sentence of the amendment to Section 208 did not apply to the certificates of title there involved which had been issued before a change of ownership by operation of law. At least we can take no other meaning from that portion of the opinion of the Court in which it is said * * *:

" 'The amendment of May 25, 1933, P.L. 1059, § 1, to section 208 of the Motor Vehicle Code (75 P.S. § 38), referred to in the supplemental briefs, has no application here. That section relates only to changes of ownership "by operation of law and judicial sale." It is sufficient to say that our Legislature has passed no statute requiring or even permitting the recording of such chattel mortgages as are here involved and thus giving notice to all the world.'

"It must be said that unless the sentence added to Section 208 by the Act of 1933, which in substance does just what the Superior Court says has not been done, was not called to the attention of that Court, it is difficult to understand the last sentence of the opinion just quoted. If it was not called to the attention of that Court then clearly the question before us was not intended to be decided.

"However, since it was squarely raised by the facts of the Kauffman & Baer case, the decision in that case amounts to a construction of the statute by a Pennsylvania appellate court of high authority which we must accept as binding upon us, even though if the matter were open for our consideration a different conclusion might well be reached. The certificates of title involved in the present case were issued to the bankrupt before bankruptcy and no new certificates of title containing notations of the appellee's lien were issued to the trustee to whom title to the pledged vehicles passed by operation of law. Consequently the recording act provided by the amendment to Section 208, as its scope has been restricted by the construction placed upon it in the Kauffman & Baer case, can have no application to the case before us. It follows that the appellee was not entitled to reclaim the motor vehicles in question and that the decree of the Court below which confirmed the order of the referee granting its petition for reclamation must be reversed."

The Pennsylvania Superior Court in Ambler Nat. Bank v. Maryland Credit Finance Co., 147 Pa.Super. 496, 504, 24 A. 2d 123, 127, affirmed its prior position taken in the Kauffman & Baer case, supra, as follows: "The amendment of May 25, 1933, P.L. 1059, § 1, to section 208 of the Motor Vehicle Code * * * has no application here. That section relates only to changes of ownership 'by operation of law and judicial sale.' "

■ It will not be necessary to discuss whether or not this Court is bound by decisions of the Pennsylvania Superior Court, as this Court is of the opinion that the amendment of 1933 to Section 208 of the Motor Vehicle Code applied solely to Section 208, and therefore solely to changes of ownership by operation of law and judicial sale. It is to be noted that the title to the amendatory act of 1933 provided "for the *continuance* of a lien on motor vehicles" under certain circumstances, to wit, "where ownership is changed by operation of law or judicial sale". (Italics supplied). The *continuance* of the lien is made subject to the limiting phrase "where ownership is changed," etc. The fact that the Legislature saw fit in 1939 to add the same amendment to Section 203 does not necessarily mean that it was intended in the first instance to create a general recording act. It may have been later determined, after a lapse of six years, and three years after the Kauffman & Baer decision, that the inclusion of the same amendment in Section 203 would be a wise and beneficial provision and would then make the change in the basic law of Pennsylvania for which the Petitioner has here unsuccessfully contended.

■ We are following the ruling of the Pennsylvania Superior Court in the Case of Kauffman & Baer, supra, not because of the case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and other cases expressing the extent to which the Federal Courts are bound by the decisions of the State Courts, but because we think the Kauffman & Baer case is a correct interpretation of the law. Decisions of the courts are not the law; they are the evidence of the law. Where decisions correctly present the law they should be followed and if they do not correctly present the law they should not

be followed. Justice can not be administered by blindly following a previous decision of any court without regard for the soundness of the conclusions therein expressed. To act otherwise would be merely to perpetuate errors.

It is the opinion of this Court that at the time the facts now in dispute originated the lease agreements between the Bankrupt and petitioner and the encumbrances noted on the certificates of title did not, as the law existed at that time, constitute a valid transaction between the parties.

It is ordered that the petition for review heretofore filed in this Court be, and it is hereby, dismissed, and the order of the Referee as heretofore entered, be and it is hereby, affirmed.