# Allstate Insurance Company v. Livesay

*Richard B. Swartz,* for plaintiff.
*Thomas K. Wynne,* for defendant Livesay.
*Daniel G. Ehrgood,* for defendant Larson.
*Kenneth C. Sandoe,* for defendant Lesher.

WALTER, *J.,* December 12, 1986—This case was brought by plaintiff, Allstate Insurance Company (Allstate), for a declaration that no coverage is owed on a 1974 Datsun B-210 (Datsun) involved in an accident because, inter alia, its insured, defendant Christina Livesay did not acquire ownership of the Datsun. Defendants[1] claim Christina Livesay was the true owner of the Datsun and that coverage is owed because Colleen Yoder was driving it with her permission on September 25, 1984, the date of the accident. In addition, defendants Christina Livesay and William B. Lesher have counterclaimed for attorney's fees.

---

1. Proposed findings of fact and conclusions of law have been filed by defendants Christina Livesay and William B. Lesher.

A non-jury trial was held on January 30, 1986. We agree with Allstate that Christina Livesay did not acquire ownership of the Datsun and that she and William B. Lesher are not entitled to attorney's fees in this action.

Pursuant to Pa.R.C.P. 1601(a), the practice and procedure in actions for declaratory judgments must follow "as nearly as may be, the rules governing the action in equity." This requires us to enter an adjudication in accordance with Pa.R.C.P. 1517. Thus, based on the evidence presented at trial we make the following

## FINDINGS OF FACT

1. Christina Livesay was married to Billy Livesay.

2. Their son Robert was born on September 9, 1965, and lived in their residence at all pertinent times.

3. Exhibit No. 1 is a true and correct copy of the Allstate Automobile Policy of Insurance (policy) at issue in this case.

4. Billy Livesay was the named insured on the policy.

5. Christina Livesay was insured on the policy as the policyholder's resident spouse.

6. The Datsun was not listed as an insured vehicle on the policy.

7. The Datsun was purchased from Allen Zabady on August 6, 1984, with Robert Livesay's own funds.

8. The certificate of title and application for registration of the Datsun were signed by Christina Livesay.

9. Robert Livesay purchased parts for the Datsun, made repairs, paid for new brakes and inspection.

10. The Datsun was to be Robert Livesay's car.

11. Robert Livesay had the only set of keys to the Datsun and was the only member of his household who ever drove the Datsun.

12. Christina Livesay did not pay any money toward the purchase, repair. or inspection of the Datsun. She never rode in nor drove the Datsun.

13. Christina Livesay told Robert Livesay she did not want him to drive the Datsun until it was inspected and properly registered.

14. Sometime in September of 1984, Robert Livesay gave possession of the Datsun to his thengirlfriend, Colleen Yoder. Christina Livesay was not aware he had done so.

15. Robert Livesay planned to sell the Datsun to Colleen Yoder and she paid him part of the purchase price before September 25, 1984.

16. When Robert Livesay told his mother he had given the Datsun to Colleen Yoder, she said he should get it back home. Robert Livesay never brought the Datsun back home.

17. His mother told him at least once more after their initial conversation to get the Datsun back home but Robert Livesay never complied.

18. Colleen Yoder was involved in an accident while driving the Datsun on September 25, 1984 and Marie E. Larson, Denise L. Sonnon and Kelly Lesher were passengers in the Datsun at the time of the accident. Kelly Lesher died as a result of injuries sustained in the accident.

19. After the accident Colleen Yoder paid Robert Livesay the balance of the money she owed him for the Datsun.

## DISCUSSION

The insurance policy in question provides that an insured automobile is any automobile named on the

Declaration page of the policy, any replacement motor vehicle, and any motor vehicle *"you* acquire ownership of during the premium period . . ."[2]. The Datsun was not named on the Declaration page of the policy so the first issue we must decide is whether or not the policyholder Billy Livesay or his resident spouse Christina, being *"you"* as defined in the policy,[3] acquired ownership of the Datsun. Defendants' suggestion that the Datsun was intended as a replacement for a vehicle named on the policy does not alter our analysis; a car can hardly be a "replacement" if one has not first acquired ownership of it.

Billy Livesay has taken no part in these proceedings. Thus, the actions of Christina Livesay as compared to others with an interest in the Datsun will be determinative. If she did not own the Datsun during the premium period and retain ownership to the time of the accident, the Datsun was not a car she "acquired ownership" of within the meaning of the policy and no coverage is owed by Allstate.

The Datsun was temporarily registered in Christina Livesay's name. But in Pennsylvania, a Certificate of Title is merely evidence of title or ownership of a motor vehicle and is not conclusive. The Vehicle Code, 75 Pa.C.S. §1101 (Purdon 1977) "does not provide nor intend to provide that the 'certificate of title' shall determine the absolute ownership of the car, or alter or affect in any manner the actual ownership of the vehicle and the relations of the persons interested in it." Braham & Co. v. Steinard-Hannon Motor Co., 97 Pa.Super. 19, 25 (1929). To ferret out the actual owner, we must look to the person who had the use, benefit, possession, control, responsi-

---

2. Exhibit no. 1, p. 6 (Emphasis Supplied).
3. Exhibit no. 1, p. 7.

bility for and power to dispose of the car. Wasilko v. Home Mutual Casualty Co., 210 Pa.Super. 322, 232 A.2d 60 (1967).

Some guidance is provided by the case of Kump v. State Automobile Insurance Assoc., 35 D.&C. 2d 238 (1964) where the court spurned the suggestion that a father "owned" the car at issue even though title and financing was in his name, it was stored in the family garage and he occasionally used it for his own use. Instead, the court heralded his 18 year old son as the actual owner. The son was living at home, making payments through his father and they had agreed it was to be his car.

Other than the certificate of title and temporary registration, the only additional evidence of Christina Livesay's ownership was her profession to Robert that he was not to drive the Datsun until it was inspected and properly registered, and her admonition he was to get the car back from Colleen Yoder and park it when she was under the impression it had not yet been inspected.

In contrast, Robert Livesay paid for the car with his own money, his understanding with his mother was that it was to be his car, he made repairs on it, he purchased all supplies, he paid for new brakes and inspection, he had the only set of keys, no one but him drove it until he gave it to Colleen, he did not ask his mother's permission before giving the car to Colleen, he planned to sell the car to Colleen, she made payments to him before and after the accident and he never acted on his mother's requests to bring the Datsun back home.

We have no doubt the evidence unmasks Robert Livesay as the true owner of the Datsun, at least to the moment he gave possession of the car to Colleen

Yoder.[4] Defendants insist Christina Livesay had control over the car, but we are not moved by their argument. Robert Livesay was 19 years old at the time of the accident and a member of his parents' household. It was natural for him to park his privately owned car on his parents' property. It would not be unusual under the circumstances for his mother to request that neither he nor Colleen Yoder drive it until inspected and properly registered.

These are not orders signifying control over the Datsun but merely requests coupled with disapproval of Robert's actions. The actual use, possession, control, responsibility for and power to dispose of the Datsun resided with Robert Livesay at least until he gave possession of it to Colleen Yoder, and not with Christina Livesay.

Defendants Christina Livesay and William B. Lesher have counterclaimed for their attorney's fees in this action. Christina Livesay claims Allstate has breached its duty to defend her by filing this declaratory judgment action in anticipation of a potential claim from William B. Lesher as well as passengers who were injured in the accident. In support she cites Cadwallader v. New Amsterdam Casualty Co., 396 Pa. 582, 152 A.2d 484 (1959).

The policy provides that Allstate will pay the cost of defense for any action for damages because of bodily injury or property damage.[5] The promise to defend includes all occasions in which the insurer might eventually become liable to pay. Cadwallader,

---

4. We need not decide if Robert Livesay sold the car to Colleen Yoder prior to the accident or if Colleen Yoder was driving the car with Christina Livesay's permission. For purposes of this adjudication, our job ends once we conclude Christina Livesay did not acquire ownership of the Datsun.

5. Exhibit no. 1, p.3.

396 Pa. at 591, 152 A.2d at 489. Allstate has not breached its duty to defend its insured in this instance because we have determined that it has no such duty.

Accordingly, defendant William B. Lesher's claim that Allstate acted vexatiously in filing this action is without merit.

## CONCLUSIONS OF LAW

1. Neither Christina Livesay nor her husband acquired legal ownership of the Datsun at any time.

2. The Datsun was not an insured vehicle under the policy because the Datsun was not named on the policy and neither the name insured nor his resident spouse, Christina Livesay, acquired ownership of the Datsun.

3. Allstate Insurance Company owes no coverage under the policy for the accident of September 25, 1984, because the Datsun was not an insured vehicle.

4. Allstate Insurance Company is not obligated to pay the attorney's fees of Christina Livesay in this action.

5. Allstate Insurance Company is not obligated to pay the attorney's fees of William B. Lesher in this action.

## DECREE NISI

And now, this December 12, 1986, upon consideration of the foregoing case, it is ordered, adjudged and decreed:

1. Plaintiff Allstate Insurance Company owes no coverage under its Automobile Policy of Insurance with its named insured Billy Livesay, for the accident of September 25, 1984.

2. Defendant Christina Livesay's counterclaim for attorney's fees is denied.

3. Defendant William B. Lesher's counterclaim for attorney's fees is denied.

4. The Prothonotary of Lebanon County is directed to file the accompanying adjudication, enter this decree nisi, give notice to the parties or their counsel of record as provided by the Rules of Equity Practice in Pennsylvania, and unless post-trial motions for relief are filed to this decree nisi within 10 days after notice is given, to enter this decree as a decree absolute or final decree.