Cardish and Benotich, Appellants, *v.* Tomazowski.

Argued April 21, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*H. A. Wilkison* of *Aken & Wilkison,* for appellant, cited: Vandegrift v. Vandegrift, 226 Pa. 254; Brenner v. Pecarsky, 86 Pa. Superior Ct. 414.

*Charles A. Wallace, Jr.* and with him *R. C. McKinley,* for appellee, cited: Braham & Co. v. Stein-

ard-Hannon Motor Company, 97 Pa. Superior Ct. 19; Commercial Motors Mtg. Cor. v. Waters, 280 Pa. 177.

OPINION BY BALDRIGE, J., July 10, 1930:

This was an action in replevin to recover an automobile.

In 1923, the plaintiffs purchased from the Penn-Ohio Motor Corporation, of New Castle, operated by Roman Albertini, a Moon automobile, and obtained from the Commonwealth a certificate of title therefor. John Cardish sold his interest therein to George Benotich but the certificate of title remained in the name of both plaintiffs. In 1925, Benotich purchased from Albertini a new car for $1,800, paying $800 in cash and delivering to Albertini the car purchased in 1923. Albertini and Benotich drove the old car to the Pittsburgh agency where the $800 was paid, obtained possession of the new car, and the old car was left with the Pittsburgh Agency as security for the balance due on the new car from Albertini, Benotich retaining the certificate of title for the old car. A few days later, Benotich and Albertini went again to Pittsburgh where Benotich gave Albertini $600, which was paid over to the Pittsburgh agency. The old car was then returned to New Castle and delivered to the Penn-Ohio Motor Corporation with express authority to Albertini to make sale of the car, $600 of the purchase price to be paid Benotich in reimbursement for the moneys he had given to Albertini in Pittsburgh. Albertini sold the old car to the defendant under a written contract, dated February 9, 1925, for the sum of $1,000; part was paid by cash and by turning in an old car, and the remainder of the purchase price was to be paid in monthly installments. The contract contained the following clause: "The Pennsylvania and Ohio Motor Co. having applied for title and it not having been returned, upon receiving same will sign and set over to the said Harry Tomazowski." Possession of the car

was then delivered to the defendant. Albertini never reported the sale to Benotich, nor did he pay over to him the moneys which he had received, and within a few days left New Castle and since then his whereabouts have not been known. A writ of replevin was then issued and the plaintiff secured possession of the car and later sold it. Upon the trial of the case, the court directed the jury to find a verdict in favor of the defendant and fix the value of the car. The jury fixed the value of the car at $725. This appeal arose from the refusal of the court to enter judgment for the plaintiff, n. o. v.

The appellant maintains that the title to the old car never passed from him and that the sale to the defendant was made contrary to Section 4 of the Act of May 24, 1923, P. L. 428 which provides: "It shall be unlawful......for anyone to sell, convey or transfer, pass title to, deliver, or purchase, buy, procure or otherwise acquire title......to any motor vehicle unless, at the time of the sale or delivery thereof, there shall pass between the parties such certificate of title......"

In the case of Braham & Co. v. Steinard-Hannon Motor Co., 97 Pa. Superior Ct. 19 (26), Judge KELLER clearly pointed out in interpreting this section of the 1923 Act that a failure to observe the regulations prescribed therein subjects the offending party to the penalty imposed in the Act, "but does not avoid the transaction nor deprive the owner of his property in the car nor affect his right to bring an action of replevin or for conversion, or file a property claim for it in enforcement of such right of ownership."

The omission to obtain a certificate of title did not, therefore, forfeit the defendant's title to the car. Under the undisputed facts, the car was put in possession of Albertini, dealer in automobiles, with express authority to sell. He was an agent with full authority, who acted within the general scope of the business with which he was entrusted, and his prin-

cipal was bound thereby: Commercial Motors Mortgage Corp. v. Waters, 280 Pa. 177; Forwarding Co. v. Baker, 281 Pa. 145. It was the duty of Benotich, under the Act of 1923, supra, to deliver to the defendant, a purchaser in good faith, a certificate of title. He cannot take advantage of his own failure to discharge a legal requirement and avoid the sale under such circumstances. It is argued, however, that under the agreement between Benotich and Albertini the title to the car was not to be delivered until Benotich received the $600. If we assume there was an understanding of that character, and Albertini exceeded his private instructions by delivering possession of the car to the defendant, nevertheless, Benotich would be bound by the action of Albertini: Thompson, Exrx., v. Barrow, 81 Pa. Superior Ct. 216.

The appellant cites Brenner v. Pecarsky, 86 Pa. Superior Ct. 414; Hazle Drug Co. v. Wilner, 284 Pa. 361; Medoff v. Fisher, 257 Pa. 126, and other cases. In each of these cases, the plaintiff attempted to enforce a contract made in violation of a statute. The court in each instance held that it would not give its aid to enforce an unlawful contract, but those cases do not disturb the principle of agency, which we are considering, or warrant us in holding that where one fails to deliver a certificate of title for an automobile, he, or his authorized agent, can keep the consideration paid and recover the car.

In view of our conclusion that the contract with the defendant was not invalidated by failure to obtain the certificate of title to the car and that Albertini was acting within the apparent scope of his authority, it is unnecessary to determine the other point raised that Benotich's title to the car in dispute passed when he purchased his new car and gave the old car as part of the consideration therefor, and that he looked only to

the old car as security for a loan he had made to Albertini, who was the real owner thereof.

A careful consideration of this case leads us to the conclusion that the judgment entered by the lower court was correct. Judgment is affirmed.