Herring *v.* Shullo et al., Appellants.

Argued April 14, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, HIRT and KENWORTHEY, JJ.

*Frank S. Lucente,* with him *Budd B. Boose* and *Frank A. Orban, Jr.,* for appellants.

*Archibald M. Matthews,* for appellee.

OPINION BY CUNNINGHAM, J., July 23, 1942:

Plaintiff, J. E. Herring, trading as J. E. Herring Motor Company, has a verdict and judgment thereon against Harry Shullo and Joe Shullo, partners, trading as Shullo Construction Company, as the result of the trial of an action of assumpsit in the court below to recover $475, with interest, as the purchase price of a used 1938 four-door Buick sedan, which plaintiff alleged he sold to defendants in July, 1940, through their superintendent and agent, Guy Pogue.

Defendants moved for a new trial and also for judgment in their favor, notwithstanding the verdict; both motions were denied and this appeal by them followed.

Appellee is the owner and operator of a public garage in the Borough of Somerset and a dealer in new and used motor vehicles; appellants were engaged in the summer of 1940 in constructing a portion of the Pennsylvania Turnpike through Somerset County. Pogue was their superintendent charged, in the language of one of appellants, with "keeping [them] in material and keeping the job going." Carl Dandrea was the con-

troller whose duty it was to sign checks for all expenditures.

The defense was twofold: (1) That Pogue had no authority to buy the Buick car for appellants; and (2) that the appellee, by reason of his failure, as a dealer holding the car for resale, to comply strictly with the provisions of sub-section (c) of Section 207 of the "Vehicle Code," as last amended by the Act of June 29, 1937, P. L. 2329, 2340, 75 PS §37, cannot recover in this suit.

1. The learned trial judge submitted the question of agency to the jurors in an adequate and impartial charge. After telling them that appellee had the burden of showing Pogue "was the agent of the defendants in the transaction" and had authority to buy the car for them, he continued: "Agency may be proven in several ways: It may be proven by express employment or appointment [to act] for another; or it may be implied by a course of dealing, as by holding out to the public one as being the agent for another." Later in the charge the evidence at the trial upon this branch of the case was fully and fairly reviewed in this language:

"Now, what is the evidence, briefly summarized, as to the prior course of dealing and holding out of Guy Pogue as their agent? The evidence is that he went to Herring's place of business; that he did buy repair parts; that he did have services performed; that he did buy a [Ford] truck and [Ford] automobile [from Herring] before he bought the Buick car in question, and according to the plaintiff's testimony the Shullo Construction Company paid for those purchases. If they did, that was a ratification and a confirmation of his agency in making those purchases; that was a holding out; that was a course of prior dealing from which you might infer that he actually was their agent and that he had authority. There is also evidence that Mr. Guy Pogue dealt at other places; that he dealt at the Sipe Auto Parts Company, and that repair parts were purchased there; that he had services

and labor performed there and that he had services and labor performed on this particular Buick car and that the Shullo Construction Company paid for it."

The reference to the transactions of Pogue with the Sipe Auto Parts Company was based upon an invoice offered in evidence by appellee, as his Exhibit A, the contents of which indicated that on July 19, 1940, appellants had eight cylinders rebored and other repairs made upon an automobile to the extent of $39.65. This invoice was approved by the above named controller for appellants and bore the notation, "Repair job on Buick very unsatisfactory." (Signed) "C. Dandrea." Complaint was made by counsel for appellants of the following remark by the trial judge to the jury: "If it wasn't their car, why were they paying for repairs on it?" The exhibit fully justified the comment. The record contains ample evidence sustaining the finding by the jury that Pogue was the agent of appellants with full authority to buy the car for them and bind them for its price. The motion for a new trial was properly denied.

2. Appellants' motion for judgment n. o. v. was based upon the refusal of the trial judge to charge, as requested in several points, that appellee could not be permitted to recover because of his failure fully to comply with the provisions of the Vehicle Code regulating assignments of certificates of title to motor vehicles. The evidence upon this part of the case is not in controversy. Appellee purchased the Buick car from one D. B. Clark, and received from him an assignment of his certificate of title in blank. The next day appellee sold the car to Pogue acting for appellants.

Subsection (c) of Section 207 of the statute, supra, prescribes the duties of a manufacturer, jobber, or dealer, who holds a motor vehicle for resale; its provisions here material read:

"(c) When the purchaser or transferee of a motor vehicle ...... is a dealer, who holds the same for resale, such ...... dealer shall not be required to apply for a certificate of title as provided for in subsection

(b) of this section, but such ...... dealer shall, within ten (10) days from the date of assignment of the certificate of title to such ...... dealer, notify the department, upon a form prescribed and furnished by it, of the acquisition of such motor vehicle ...... The ...... dealer's notification as to any motor vehicle, ...... so acquired must be executed in duplicate, the original of which must be forwarded to the department as herein required, and the duplicate shall be retained by such ...... dealer and shall be exhibited, with the assigned certificate of title, upon request of any peace officer or department employe.

"The ...... dealer, upon transferring his interest in said motor vehicle ...... shall execute and deliver to the purchaser thereof an assignment upon a form prescribed and furnished by the department, to which shall be attached the assigned and executed application for certificate of title by such ...... dealer."

An excerpt from appellee's testimony reads: "Q. In whose name was the original title? A. D. B. Clark. Q. And D. B. Clark had assigned the title to whom? A. He brought it to the garage in blank. Q. D. B. Clark never had assigned the title to anybody, had he? A. No, sir. Q. He executed the title in blank? A. Yes, sir. Q. And when you sold to Mr. Pogue, what did you do? A. I turned the title over to him. Q. You made no assignment? A. No, sir. Q. You never had the certificate of title assigned to you? A. No, sir. Q. And you never made an assignment of the certificate of title to anybody else? A. No, sir. Q. You just handed the certificate of title over? A. Yes, sir."

It is clear from the evidence above mentioned that appellants used the car in their business and had it repaired. The inference would therefore be that appellants or their agent, Pogue, applied for and obtained a certificate of title. It is conceded by appellee in his own testimony that he did not notify the Department of Revenue "of the acquisition" by him of the car which he sold appellants the following day.

350

Aside from the question whether the provision of the statute here involved was intended by the legislature to apply to a case in which a dealer owned the car for only one day, it does not follow that failure of a dealer to comply strictly with the provision regulating the assignment of certificates of title forfeits his *property rights* in the car or *defeats his right* to recover its purchase price upon its resale by him. Subsection (c) also contains a penalty clause to the effect that any person violating any of its provisions shall, upon a summary conviction before a magistrate, be sentenced to pay a fine of $25 for the first offense.

As intimated by the trial judge, appellee may be subject to the penalty prescribed, but his failure to notify the department of his acquisition of the car does not prevent him from recovering in this case: *Braham & Co. v. Steinard-Hannon M. Co. et al.,* 97 Pa. Superior Ct. 19.