## M. Andrade & Son, Inc., v. Martin et al.

*Morton Silver*, for plaintiff.

*Richard Malis*, for defendants.

MILNER, J., September 27, 1951.—This is an action in replevin for the recovery of an automobile, title and right of possession to which is claimed by plaintiff. The automobile, a 1948 Nash sedan, was found in the possession of corporate defendant, George Gorson, Inc.

As to defendant, Harold E. Martin, the sheriff made a return of "Not Found". Plaintiff filed an affidavit of value in which the value of the automobile was fixed at $1,110 and filed a bond in the sum of $2,220, whereupon the sheriff delivered possession of the automobile to plaintiff, M. Andrade & Son, Inc. The essential facts in the case, with the possible exception of the question whether corporate defendant sent a dealer's notification to the Bureau of Motor Vehicles, which is discussed later on in this adjudication, are not seriously disputed.

Plaintiff is a Massachusetts corporation doing business in that State. Under the terms of a conditional sale contract, dated September 30, 1949, plaintiff's predecessor in title sold the 1948 Nash sedan to defendant, Harold E. Martin, hereinafter called "Martin". Under the terms of this contract it was agreed that "title to said property shall not pass to purchaser until said amount is fully paid in cash", having reference to a financing arrangement requiring payment of $1,176 in installments over a period of 14 months. The agreement further provides that the purchaser shall not remove the automobile from Massachusetts without permission of the seller and that the purchaser shall not transfer any interest in or encumber the property.

The conditional sales contract, carrying title to the automobile, was assigned to plaintiff, M. Andrade & Son, Inc., on December 20, 1950, and possession of the automobile was delivered to defendant, Martin, a sailor in the United States Navy.

In Pennsylvania Martin, on May 10, 1950, filed an application for a certificate of title to the automobile and attached thereto, to show his right to the same, a bill of sale to him from M. Andrade, a predecessor in title to plaintiff. The bill of sale indicated on its face that payment for the automobile was as follows:

"Three hundred dollars cash plus nine hundred twenty-five dollars financed Morris Finance Company." It will be noticed that this is not a clear statement that the automobile was subject to an encumbrance and certainly it is not a statement that it was subject to the conditional sales contract on which $1,176 was due, and which was held by plaintiff as assignee. Martin also filed with his application a Rhode Island registration card with respect to his ownership of the automobile which does not indicate that it was subject to any encumbrance. It may be said at this point that Massachusetts does not have a system of titling automobiles such as we have in Pennsylvania. In his application for a Pennsylvania certificate of title Martin stated under oath that there were no encumbrances on the vehicle. In reliance upon these documents, the Bureau of Motor Vehicles of the Department of Revenue of Pennsylvania on May 11, 1950, issued to Martin a certificate of title for the automobile which did not show that it was subject to any encumbrance. On May 18, 1950, Martin assigned this certificate of title to Adkins-Nash Company of Philadelphia and obtained a loan of money from that company and on the same day the Adkins-Nash Company reassigned the title back to Martin with a notation on the certificate of title that it was subject to an encumbrance of $196.56 in favor of the Associates Discount Corporation of Philadelphia. These assignments were registered with the Bureau of Motor Vehicles as required by The Vehicle Code of Pennsylvania.

On August 15 or 16, 1950, Martin brought the automobile to the place of business of defendant, George Gorson, Inc., hereinafter called "Gorson", and sold it to defendant. Martin produced to Gorson his Pennsylvania owner's card and the automobile had Pennsylvania tags on it. It was actually a trade-in arrangement whereby Martin was given a net credit of $670

for his equity in the Nash automobile on the purchase price of a used Chrysler automobile. Gorson paid the amount of encumbrance due the Associates Discount Corporation who had possession of Martin's certificate of title and obtained its notation of the payment on the certificate of title. The value of the subject automobile was agreed upon by Martin and Gorson as $817.81, and the amount due on the encumbrances held by Associates Discount Corporation at the time of the sale was $147.81, leaving the balance of $670 mentioned above as being credited upon the price of the used Chrysler automobile which Martin purchased and for which the parties agreed upon a price or value of $1,970.

Martin on August 16, 1950, assigned his certificate of title to Gorson and delivered the automobile and the certificate of title therefor to that corporation. Norman S. Gorson, vice president of defendant corporation, testified that he sent the required dealer's notification required by article II, sec. 207 (c) of The Vehicle Code, executed by his corporation and signed by Martin to the Bureau of Motor Vehicles at Harrisburg. (The executed duplicate was placed in evidence as part of defendant's exhibit no. 1.) A letter from Alvin C. Walker, director of motor vehicles, dated June 8, 1951, attached to a certification of the bureau's record in regard to the automobile which is the subject of this suit, states that the Bureau of Motor Vehicles has no record of the dealer's notification referred to above.

We are of the opinion that the record establishes that defendant, George Gorson, Inc., was a bona fide purchaser for value of the subject vehicle without notice of any claim by plaintiff against it. The purchase was made by defendant in the usual course of business and in the manner and custom of the automobile trade in Philadelphia and Pennsylvania, and the case at bar is governed by the case of First Na-

tional Bank of Jamestown v. Sheldon et al., 161 Pa. Superior Ct. 265 (1947) (allocatur refused ib. XXV), which was cited with approval in the recent case of Rice Street Motors, to use, v. Smith et al., 167 Pa. Superior Ct. 159 (1950).

The facts in the Sheldon case, supra, are stated in the opinion of the Superior Court, as follows:

"From the agreed facts it appears that the original defendant, Gleason E. Sheldon, a resident of the State of New York, executed and delivered to the plaintiff a chattel mortgage upon an automobile. The mortgage was duly filed in the proper county in the State of New York and in accordance with the provisions of the laws of that State. The defendant without the knowledge or consent of the plaintiff brought the motor vehicle into Northampton County, Pennsylvania, and sold it to George Mychuda, trading as Northampton Auto Exchange, the intervening defendant, who was an innocent purchaser for value and had no notice of the lien recorded in favor of the plaintiff in the State of New York.

"The intervening defendant had the motor vehicle duly titled according to the provisions of the Pennsylvania Vehicle Code, 1929, May 1, P. L. 905, 75 PS §1, and later sold the car to Wilbur M. Mack, defendant in possession, who was also an innocent purchaser for value and likewise had no notice of any lien recorded in the State of New York" . . .

The facts in the Sheldon case and the legal problem presented are so analogous to those in the case at bar that the reasoning of the court is especially apropos here. The pertinent part of the opinion is as follows:

"This case turns then on the effect of the Act of 1945, supra, as respects the mortgaging of motor vehicles. The learned court below held that the passage of the Act was a *complete reversal* of our public policy upon the question of the validity of chattel mortgages

against bona fide purchasers and creditors.' (Emphasis added). It was there that the learned court first fell into error. One notable exception prevents it from being a 'complete reversal' and that is the proviso in section 5 of the Act, 'That the filing as provided in section eight of this act of a chattel mortgage against any motor vehicle, trailer or semi-trailer with respect to which a certificate of title is issuable under The Vehicle Code, approved the first day of May, one thousand nine hundred twenty-nine (Pamphlet Laws, nine hundred five), as amended, shall not operate as notice of the lien thereof to the Commonwealth, creditors and purchasers, unless and until a statement of such lien is noted on the certificate of title issued with respect to such motor vehicle, trailer or semi-trailer pursuant to the provisions of said Vehicle Code."

In Rice Street Motors v. Smith, supra, the Superior Court said at page 162:

"In First National Bank of Jamestown v. Sheldon, 161 Pa. Superior Ct. 265 (allocatur refused ib. xxv), 54 A. (2d) 61, we held that where an automobile encumbered with a chattel mortgage lien is brought into this State and sold to an innocent purchaser for value, without knowledge or notice of the lien, the purchaser acquires title to the automobile free of the lien of the mortgage. We see no reason why the same principle should not apply to an automobile that has been sold under a conditional sales agreement where the purchaser is given possession of the vehicle by virtue of which he obtains a certificate of title on which there is no notice of any encumbrance. What we said in respect of the appellee's position in that case is equally applicable to appellant's position here (page 270):"

Plaintiff maintains that the case at bar is distinguishable from the cited cases because: (1) The certificate of title issued by the Bureau of Motor Vehicles

to Martin failed to show an encumbrance which plaintiff held on defendant Martin's automobile; (2) that defendant, George Gorson, Inc., lost its right to assert ownership in the vehicle because it failed to send a copy of the dealer's notification form as required under The Vehicle Code of May 1, 1929, P. L. 905, sec. 207, 75 PS §37.

Both of the arguments of plaintiff assume facts as proved and both raise legal questions.

As to the first argument, plaintiff assumes that the Bureau of Motor Vehicles failed to note on Martin's certificate of title an encumbrance in favor of plaintiff of which the bureau had notice. The Bureau of Motor Vehicles can reasonably be justified in issuing the clear certificate of title in this case. What Martin submitted to the bureau with this application for title was a bill of sale from M. Andrade. This is a flat contradiction of the conditional sales contract upon which plaintiff relies and which was never brought to the notice of the bureau. The bill of sale recites a consideration of "three hundred dollars plus nine hundred twenty-five dollars financed Morris Finance Company". The fact that part of the consideration had been "financed" was not a clear statement that the sum financed was secured by an encumbrance or chattel mortgage on the automobile. The retention of title in the alleged conditional vendor was in no way indicated on the bill of sale. Martin under oath certified that there were no encumbrances against the automobile. We are, therefore, not convinced that the bureau made an inexcusable error or was the party at fault in issuing the clear certificate of title to Martin. In any event, defendant, Gorson, Inc., was justified in relying upon the certificate of title issued by the bureau.

In the interest of facilitating vehicular sales transactions in this State, with additional regard to the small

margin of recording errors and the customary practice of reliance on the certificate of title without further inquiry into the chain of title, a purchaser is to be deemed protected by the official declaration of the proper administrative department that no lien or encumbrance in fact exists as to the vehicle constituting the subject matter of a proposed sale.

In Prouty v. Marshall, 225 Pa. 570 (1909), where the recorder of deeds made an error in recording and indexing a mortgage by inserting a wrong initial in entering the name of the mortgagor, the correct name being entirely omitted from the record, a purchaser of the mortgaged premises, without actual notice, was held not chargeable with notice of such mortgage, and, as terre tenant of the premises, was not subject to its enforcement against him. The Supreme Court said that it is the duty of person offering an instrument for record to see that it is properly recorded and indexed. The very object of the recording was to give notice of the encumbrance. If the holder of the encumbrance fails to see that it is properly recorded, he cannot shift the consequences upon an innocent purchaser. The reasoning in that case applies with even greater force to the case before us because of the mandatory provisions of The Vehicle Code, sec. 207(c) mentioned above. The Sheldon and Smith cases, supra, regard a bona fide purchaser as protected by a clear certificate of title issued in this State even though a valid encumbrance exists in a sister State. The Superior Court in these cases emphasized the policy of this Commonwealth in refusing efficacy to a lien until it is noted on the certificate of title. See also the Act of June 1, 1945, P. L. 1358, sec. 5. In Pohle v. Coppersmith, 25 Erie 192 (1942), plaintiff brought an action of replevin against defendant to recover possession of an automobile to which he claimed rights of ownership. Defendant, in March 1940, had sold the automobile to one Rodriguez,

and through an error at the Bureau of Motor Vehicles at Harrisburg the title certificate was returned without a notation of any encumbrance, although the bureau had been notified by the vendor to note an encumbrance he held against the automobile in the amount of $225. Rodriguez, in June 1940, borrowed money from plaintiff and negotiated a sale of the car without delivering possession. The certificate of title, however, was transferred to plaintiff who had it registered at Harrisburg in his name. Rodriguez then failed to pay defendant the original purchase price and delivered the car into the possession of defendant. The court held the claim of the first vendor (defendant) invalid as against plaintiff, who had relied upon the clear certificate of title, and gave judgment for plaintiff. From the above, we conclude that even assuming that the bureau issued a clear certificate in error (which we do not), defendant was entitled to rely upon it and that plaintiff has not perfected its encumbrance or lien under the laws of this Commonwealth.

As to plaintiff's second contention, viz., that the corporate defendant lost the right to assert its ownership to the vehicle because it failed to forward to the Bureau of Motor Vehicles a copy of the dealer's notification form, an officer of defendant corporation testified that he forwarded the notification form, but the Bureau of Motor Vehicles' secretary certified that there is no record in the bureau's office of it having been received. We will, therefore, assume for the purpose of plaintiff's argument that no notification form reached the bureau or was filed.

Section 207 (c) of The Vehicle Code, as last amended by the Act of June 29, 1937, P. L. 2329, sec. 1, 75 PS §37, provides, inter alia, as follows:

"(c) When the purchaser or transferee of a motor vehicle, trailer, or semi-trailer is a manufacturer, jobber, or dealer, who holds the same for resale, such manu-

facturer, jobber, or dealer shall not be required to apply for a certificate of title as provided for in subsection (b) of this section, but such manufacturer, jobber or dealer shall, within ten (10) days from the date of assignment of the certificate of title to such manufacturer, jobber, or dealer, notify the department, upon a form prescribed and furnished by it, of the acquisition of such motor vehicle, trailer, or semi-trailer. The manufacturer, jobber, or dealer's notification as to any motor vehicle, trailer, or semi-trailer so acquired must be executed in duplicate, the original of which must be forwarded to the department as herein required, and the duplicate shall be retained by such manufacturer, jobber, or dealer and shall be exhibited, with the assigned certificate of title, upon request of any peace officer or department employe."

The Vehicle Code, as amended, provides that any person violating the provisions of section 207(c) shall be sentenced to pay a fine of $25 and costs of prosecution for the first offense and, in default of payment thereof, to undergo imprisonment for not more than 10 days. For the second offense, the fine is $50 and costs of prosecution and, in default of payment thereof, imprisonment for 20 days. There is no provision depriving a dealer who neglects to send in the notification from exercising his rights as a bona fide purchaser of the automobile he has acquired, and it has been decided by our Superior Court that failure to observe the statute respecting the sale of used motor vehicles does not avoid the transaction nor deprive one of property.

In Braham & Company v. Steinard-Hannon Motor Co. et al., 97 Pa. Superior Ct. 19 (1929), Judge Keller, speaking for the court (p. 23), stated that the primary purpose of the law requiring assignment and registration of an automobile in the Bureau of Motor Vehicles "was to protect the public against the theft of automobiles and their resale by the thief, and to facilitate

the recovery of stolen automobiles. It was a police measure, and was not designed to establish the ownership or proprietorship of the car, but rather to register the name and address of the person having the present right of possession, and to furnish persons dealing with one in possession of a car a means of determining whether such possession was prima facie lawful."

In our opinion, the failure by Gorson, Inc., to observe the above provision of The Vehicle Act may subject corporate defendant to the penalty provided in the act, but does not cause the forfeiture of its rights to the possession of the automobile which is the subject of this replevin suit.

In Braham & Company v. Steinard-Hannon Motor Co. et al., supra, at page 25, Judge Keller in delivering the opinion of the court, said:

"It follows that the act [i.e., The Vehicle Act] does not provide nor intend to provide that the 'certificate of title' shall determine the absolute ownership of the car, or alter or affect in any manner the actual ownership of the vehicle and the relations of the persons interested in it. It only requires registration by the person entitled to its possession and in control of its operation. The certificate is not a warrant of ownership or muniment of title as usually understood in the law. It may be relevant evidence in establishing such title.

"Nor do we think a failure to comply strictly with the provisions of the act as to assignment of certificate and registration in the Highway Department carries with it a forfeiture of one's property rights in the motor vehicle. The statute does not so provide, and the law does not favor forfeitures nor enforce them by implication. In the absence of an express provision in the statute giving it that effect, the owner of a motor vehicle should not be held to have lost his property in it or right to it, because of a failure to observe the provisions of a law enacted for his benefit and protection;

especially so, where the violation was technical in character." (Part in brackets supplied.)

Judge Keller further stated (p. 26) :

"We prefer to follow those jurisdictions which hold that a failure to observe the statutory regulations prescribed for the sale or transfer of a second hand motor vehicle may subject the offending party to the penalty imposed in the act, but does not avoid the transaction nor deprive the owner of his property in the car nor affect his right to bring an action of replevin or for conversion, or file a property claim for it in enforcement of such right of ownership:" (citing cases from other States).

This principle was reaffirmed in Cardish and Benotich v. Tomazowski, 99 Pa. Superior Ct. 360 (1930). and Herring v. Shullo et al., 149 Pa. Superior Ct. 345. In Herring v. Shullo et. al., the Superior Court held that failure of a dealer to comply strictly with the provisions of subsection (c) of section 207 of The Vehicle Code, as last amended by the Act of June 29, 1937, P. L. 2329, does not forfeit his proper rights in the car nor defeat his right to recover its purchase price upon its resale by him.

We find no merit in plaintiff's second contention.

Defendant, Harold E. Martin, has not been served with process in this case nor has he entered an appearance. It is apparent from the record that he does not have title to nor possession of the automobile which is the subject of this dispute. No finding is made with respect to him and none is necessary. See Pa. R. C. P. 1083.

For the reasons given above, the court finds that defendant, George Gorson, Inc., has the right to recover possession of the automobile which is the subject of this suit, to wit, a 1948 Nash four-door sedan, model 600, motor KE 5-5083, serial no. K 197200. The court also finds that the money value of the automobile is $1,110,

which is the value placed upon it by plaintiff in its own affidavit of value filed herein. In Gaspero v. Gentile et al., 160 Pa. Superior Ct. 276 (1947), the Superior Court held a plaintiff in replevin is bound by his own affidavit of value and cannot controvert it. We also find that, inasmuch as plaintiff obtained possession of the automobile from the sheriff on February 1, 1951, upon his writ of replevin with bond, defendant, George Gorson, Inc., is entitled to damages for the detention of the automobile from February 1, 1951, at six percent: See Gaspero v. Gentile et al., supra, at page 278, note 2. Therefore, we enter the following order:

## Order

And now, September 27, 1951, the court finds for defendant, George Gorson, Inc., and determines that: (1) Defendant has the right to recover possession of the 1948 Nash four-door sedan, model 600, motor KE 5-5083, serial No. K 197200, which is the subject of this suit in replevin; (2) the money value of the automobile is $1,110; (3) defendant is entitled to interest at six percent on the sum of $1,110 from February 1, 1951, as damages for detention of said automobile.

### Notice Under Rule of Civil Procedure *270

The prothonotary shall enter these findings and give notice thereof to the parties or their counsel and, unless exceptions thereto are filed within four days thereafter, the prothonotary shall enter judgment in accordance with these findings.

### OPINION SUR EXCEPTION TO ADJUDICATION

PER CURIAM, November 9, 1951.—Plaintiff in this case brought an action in replevin with bond for the possession of an automobile. A jury trial was waived and the case was tried before Judge Milner, who found for defendant, George Gorson, Inc. Plaintiff has filed three exceptions, which are the usual ones, that the

finding was against the law, the evidence and the weight of the evidence, and has filed 15 additional exceptions. At the argument upon the exceptions and in plaintiff's brief then submitted plaintiff waived and withdrew his additional exceptions numbered 3, 5, 8 and 9.

Counsel for plaintiff in his brief in support of the exceptions stated that they raise two questions. The first is whether "it is requisite that a finding of fact be made that defendant, George Gorson, Inc., has failed to comply with The Vehicle Code in that it has failed to file a dealer's notification form" with the Bureau of Motor Vehicles. The second is "Does a defendant's failure to file such dealer's notification form operate to deprive the defendant of its right to assert *ownership* in the vehicle as against the plaintiff?" (Italics supplied.)

This is an action in replevin and what we are concerned with is the corporate defendant's right of possession of the automobile. This is our reason for calling attention to the word "ownership" by italicizing the same in the repetition of plaintiff's second question. However, title to the automobile was assigned to corporate defendant and the automobile was delivered to it and it paid consideration for it and was an innocent purchaser for value. The question thus clarified is answered by the trial judge in his adjudication in the negative. His negative answer to plaintiff's second question renders the answer to its first question of no controlling importance in this case. Plaintiff's exception to this legal conclusion of the trial judge and the exceptions to his other conclusions of law raise the same questions which were raised at the trial and are carefully and fully discussed and answered by Judge Milner in his adjudication. We have reviewed and examined the conclusions of law reached by the trial judge and the finding and order by him and the reasons assigned therefor and the au-

thorities relied upon and concur in his conclusions of law and approve of the finding and order he made.

Samuel Gorson, Inc., corporate defendant, is a dealer in automobiles. It purchased the automobile which is the subject of this action in replevin from defendant, Harold E. Martin, who assigned his certificate of title thereto to defendant and delivered possession of the automobile to Gorson, Inc., who held it for resale. Section 207 (c) of The Vehicle Code provides that when the purchaser or transferee of a motor vehicle is a dealer, such dealer shall not be required to apply for a certificate of title, but shall, within 10 days from the date of assignment of the certificate of title, notify the Bureau of Motor Vehicles on a form prescribed by it of the acquisition of such motor vehicle and provides a penalty for failure to do so but does not provide that failure to file the notification form shall avoid the transaction nor deprive one of property. The Superior Court of Pennsylvania has held that the certificate of title obtained under the provisions of The Vehicle Code is not a warrant of ownership or muniment of title as is usually understood in the law, although it may be relevant evidence in establishing such title; that the above-mentioned subsection of the code is a police measure to protect the public against the theft of automobiles and their resale by the thief and was not designed to establish the ownership or proprietorship of the car, but rather to register the name and address of the persons dealing with one in possession and afford a means of determining whether such possession was prima facie lawful. The Superior Court has held that failure of a dealer to comply strictly with the provisions of the above-mentioned subsection may subject him to the penalty imposed by the act but does not avoid the transaction nor deprive him of his property in the car and the right of possession thereof. See Braham & Company v. Steinard-Han-

non Motor Co. et al., 97 Pa. Superior Ct. 19; Cardish et al. v. Tomazowski, 99 Pa. Superior Ct. 360; Herring v. Shullo et al., 149 Pa. Superior Ct. 345. The reasoning of the above-mentioned opinions of our appellate court is set forth more fully in the adjudication and there is little that we can add to what has been fully set forth in the adjudication. We find no merit in the exceptions to the conclusions of law.

Plaintiff's additional exceptions numbered 2, 10 and 11 relate to the first question propounded by plaintiff's counsel referred to above. Additional exceptions numbered 2 and 10 are to the finding of fact by the trial judge that an officer of corporate defendant "testified" that he sent the required dealer's notification form to the Bureau of Motor Vehicles. What he really stated in his testimony was that he "knew" that the notification was sent. The duplicate copy required by The Vehicle Code to be kept by the dealer, signed by Martin and executed by defendant corporation, George Gorson, Inc., was placed in evidence, but a letter from the bureau attached to a certification of the bureau's record in regard to the automobile states that it has no record of the notification. The additional exceptions numbered 2 and 10 are well taken and the finding of the trial judge is therefore amended to read:

"Norman S. Gorson, vice-president of defendant corporation, testified that he knew that the dealer's notification required by The Vehicle Code, executed by the corporation and signed by Martin, was sent to the Bureau of Motor Vehicles at Harrisburg, Pa."

Additional exception number 11 is to the statement of the trial judge in his adjudication as follows:

"We will therefore assume for the purpose of plaintiff's argument that no notification form reached the bureau or was filed." In other words, in order to dispose of the legal question involved the trial judge assumed as a fact that no notification had been filed and

determined that fact did not cause the forfeiture of the right to the possession of the automobile. As stated previously we concur in his conclusion of law. For a determination of the issue involved it was not necessary to make the finding in the phraseology requested by plaintiff and, indeed, it would be impossible for the trial judge to find that the officer of defendant corporation did not "know" that the form had been sent. The trial judge undoubtedly had the privilege of postulating the lack of notification and assuming it as a fact in order to reach the real issue involved. There is no merit in additional exception number 11. We have reviewed the evidence and are of the opinion, with the modification noted above, that the facts found by the trial judge are amply and fully supported by the competent and credible evidence adduced in the case. We have also reviewed the inferences which he drew from the facts and concur in the conclusions he drew from them.

Plaintiff's additional exceptions numbered 2 and 10 are sustained and all the other exceptions are dismissed, and we enter the following

### Final Order and Judgment

And now, to wit, November 9, 1951, the court having found that defendant, George Gorson, Inc., has the right to recover possession of the 1948 Nash four-door sedan, model 600, motor K.E. 5-5083, serial no. K197200, which is the subject of this suit in replevin and that the money value of the automobile is $1,100, defendant is entitled to interest at six percent on the sum of $1,110 from February 1, 1951, as damages for detention of the automobile, and judgment is entered in favor of defendant, George Gorson, Inc., and against plaintiff, M. Andrade & Son, Inc., in the sum of $1,110, with interest thereon at six percent from February 1, 1951.