## Hadid v. Budget Rent-A-Car of Allentown, Inc.

350

*Bruce W. Weida*, for plaintiff.
*Thomas J. Maloney*, for defendant.

DIEFENDERFER, *J.*, June 9, 1982 — This action was commenced on August 15, 1980 by the filing of a complaint in equity. Defendant filed an answer and new matter and there was an appropriate reply by plaintiff to the new matter. This matter was heard by the court on April 22, 1982.

## CHRONOLOGICAL STATEMENT

Plaintiff in this case is an adult individual who, on October 31, 1978, entered into a sales agreement with a concern known as T. & A. Sales, Inc., Automobile and Truck Sales, having its place of business at 2010 Union Boulevard, Allentown, Pa. for the purchase of a 1977 Oldsmobile Coupe for $4,495. Plaintiff was allowed a trade-in value for his 1974 Buick in the sum of $1,695 and after taxes

and transfer fees owed $2,997. Plaintiff consummated said sale by issuing a cashier's check on November 2, 1978 to the order of T. & A. Sales, Inc. in the sum of $3,000 and took possession of said motor vehicle. Plaintiff was issued a temporary registration plate certificate by T. & A. Sales, Inc. The initial temporary registration plate certificate was not introduced into evidence, but plaintiff testified at the hearing that since he did not receive title to the motor vehicle in question after about one year from the sale, he returned to T. & A. Sales, Inc. and T. & A. Sales, Inc. reissued a temporary registration plate certificate on March 3, 1979. Plaintiff testified that he dealt with a salesman known as Mr. Hall at T. & A. Sales, Inc. and at the time of the purchase, the motor vehicle was on T. & A. Sales, Inc.'s lot and there were about 20 other cars situated on the same lot.

Defendant, Budget Rent-A-Car of Allentown, Inc., is a corporation and also maintained its place of business at 2010 Union Boulevard and was situated to the rear of the T. & A. Sales, Inc. lot.

Plaintiff testified that when he went on said lot he observed both the T. & A. Sales, Inc. sign and the Budget Rent-A-Car sign. Defendant in this case chose to offer no testimony but alleged in its new matter that T. & A. Sales, Inc. received a commitment from defendant that it would sell the vehicle to T. & A. Sales, Inc. for the sum of $4,247.50 and then would transfer title to T. & A. Sales, Inc. providing T. & A. Sales, Inc. paid to defendant the heretofore recited purchase price. After the sale of the motor vehicle, T. & A. Sales, Inc. never paid to defendant the aforementioned sum for the motor vehicle in question. Defendant further stated in its new matter that plaintiff knew, or should have known, that defendant was the owner of the vehicle in question and failed to inquire as to the legal

authority of T. & A. Sales, Inc. to act on behalf of said defendant.

Plaintiff, in addition to his requested relief in his equity complaint directing defendant to transfer, assign and deliver to plaintiff the appropriate certificate of title to the automobile in question, further demanded damages of $16 per day plus mileage charges of ten cents per mile since August 1, 1980. Plaintiff presented no testimony as to the reasonable rental value of said motor vehicle at the hearing.

## DISCUSSION

This matter is controlled by §2403 of the Uniform Commercial Code 12A. P.S. §2403, since repealed, effective January 1, 1980, and reenacted in substantially the same form in 13 Pa.C.S.A. §2403 effective January 1, 1980. Section 2403 of the Uniform Commercial Code provides as follows:

(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase and purchaser has such power even though

(a) the transferor was deceived as to the identity of the purchaser;

(b) the delivery was in exchange for a check which is later dishonored;

(c) it was agreed that the transaction was to be a 'cash sale,' or

(d) the delivery was procured through fraud punishable as larcenous under the criminal law.

(2) Any entrusting of possession of goods to a

merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.

(3) "Entrusting" includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the disposition of the goods by the possessor has been such as to be larcenous under the criminal law.

(4) The rights of other purchasers of goods and of lien creditors are governed by the Articles on Secured Transactions (Article 9), Bulk Transfers (Article 6) and Documents of Title (Article 7).

The definition of a "buyer in ordinary course of business" is found in §1201(9) which states as follows:

(9) 'Buyer in ordinary course of business' means a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbroker. 'Buying' may be for cash or by exchange of other property or on secured or unsecured credit and includes receiving goods or documents of title under a pre-existing contract for sale but does not include a transfer in bulk or as security for or in total or partial satisfaction of a money debt.

The question in this case is whether defendant so entrusted the motor vehicle in question to T. & A. Sales, Inc. and whether T. & A. Sales, Inc. was a merchant who dealt in goods of that kind.

A similar situation was in the case of Joy v. Ondrey, et al., 105 P.L.J. 147 (1955). Although the Allegheny County Court did not specifically refer to

the acts of the Uniform Commercial Code, the court said the following at page 148:

"And when an automobile is offered for sale on a used car lot or in a showroom, we think that the purchaser is entitled to rely to some extent on the supposition that the dealer has authority to sell, and either has title himself or can readily procure assignment of the certificate."

In that case the court cited the case of Weigelt v. Factors Credit Corp., 173 Pa. Superior Ct. 400, 101 A. 2d 404 (1953) to the effect that under the Motor Vehicle Code, as amended, the certificate of title to a motor vehicle is not conclusive evidence of its ownership. That court went on further to say at page 405 the following:

"It is well settled that the certificate of title is not conclusive evidence of ownership of a motor vehicle. In Cardish v. Tomazowski, 99 Pa. Superior Ct. 360, almost the exact situation was presented as in the instant case; the owner of a car left it with a dealer to sell; the dealer sold the car, never reported the sale, pocketed the money and absconded. This Court held that the omission of the purchaser to obtain a certificate of title did not forfeit the purchaser's title to the car. In Speck Cadillac-Olds, Inc. v. Goodman, 373 Pa. 83, 88, 95 A. 2d 191, 193, Mr. Justice Chidsey, speaking for the Supreme Court stated: 'The purpose of a certificate of title is not to conclusively establish ownership in a motor vehicle, but rather to establish the person entitled to possession.'"

A similar situation also appeared in the case of Gricar v. Bairhalter, 11 D. & C. 2d 723 (1957). In that case plaintiff had brought an action in replevin against the purchaser of the motor vehicle in question and the court found that plaintiff had en-

trusted his motor vehicle as defined under the provisions of the Uniform Commercial Code §2403 and that the purchaser of said motor vehicle was a buyer in the ordinary course of business as defined under the Uniform Commercial Code §1-201(9) and denied plaintiff's action in replevin. See also Carr v. Keller, 74 D. & C. 2d 534 (1976) and Bozzo v. Key Mobile Homes. 8 D. & C. 3d 507 (1978).

Defendant, of course, has argued as stated in its new matter that plaintiff knew, or should have known, that defendant was the owner of the vehicle in question and failed to inquire as to the authority of T. & A. Sales, Inc. to act on behalf of defendant. However, such extent of knowledge is not required of such a buyer. The extent of knowledge of a buyer is shown in the case of Bowman v. Boucher, 16 D. & C. 3d 189 (1979).

Certainly, from the testimony in this case there was no knowledge on the part of plaintiff as to ownership of the motor vehicle in question by defendant. Such notice that is necessary of such buyer is defined in section 1-201(25) which states that a person has notice of a fact when (a) he has actual knowledge of it; or (b) he has received a notice or notification of it; or (c) from all the facts and circumstances known to him at the time in question he has reason to know that it exists and further that a person "knows" or has "knowledge" of a fact when he has actual knowledge.

Certainly this case falls within those line of cases where the property in question has been entrusted of the possession of such goods to a merchant who deals in such goods. As defined, entrusting includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties.

There appears to be no question in this case that

T. & A. Sales, Inc., a used auto firm, was operating a used car lot on the front part of those premises known as 2010 Union Boulevard and that defendant was operating its business to the rear of said premises. Defendant itself, in its new matter, stated that it had made arrangements for T. & A. Sales, Inc. for the sale of such motor vehicle and upon the sale of said automobile, was to be paid a certain sum of money. Plaintiff testified that the motor vehicle in question was on the parking lot along with approximately 20 other used cars and had no indication on said motor vehicle that it was not to be treated as any other used motor vehicle on the lot of T. & A. Sales, Inc.

As previously mentioned, plaintiff in his complaint has asked for damages based upon the fair market value of the daily rental of a motor vehicle and has made a claim in such amount of $16 per day plus mileage charges of ten cents per mile since August 1, 1980. However, plaintiff presented no testimony in respect to the fair market value of the daily rental of a motor vehicle nor did plaintiff produce any receipts as to any actual rental of a motor vehicle by said plaintiff.

Fair rental value of the motor vehicle was also an issue in the case of Joy v. Ondrey, et al., supra and that court too said that the testimony on the question of damages was rather sparse. However, in that case plaintiff did testify as to the fair market value of a similar auto ($2 per day) and asked for such amount for 264 days. The court in that case awarded plaintiff the sum of $300. This court is certainly not allowed nor can it speculate as to such fair rental value since nothing was testified to by plaintiff nor any evidence introduced as to the actual rentals made by plaintiff.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and of this case.

2. The delivery by defendant to T. & A. Sales, Inc. of the motor vehicle in question constituted the entrustment of the possession of goods to a merchant who deals in goods of that kind.

3. By such entrustment, defendant conferred upon T. & A. Sales, Inc. the power to transfer all rights of defendant to a buyer in the ordinary course of business notwithstanding defendant's retention of the vehicle's certificate of title.

4. Plaintiff's purchase of the motor vehicle in question from T. & A. Sales, Inc. was a buyer in the ordinary course of business.

5. Defendant has wrongfully withheld this certificate of title from plaintiff.

6. Plaintiff is not entitled to any damages herein.

## DECREE NISI

Now, June 9, 1982, upon consideration of the foregoing, it is ordered, adjudged and decreed that defendant is directed to transfer, assign and deliver to plaintiff the duly executed certificate of title to the 1977 Oldsmobile Coupe, having vehicle identification no. 3J57C791-78442, free and clear of all liens and encumbrances and at no further cost to plaintiff. If no exceptions are filed within ten days after notice of the filing of this adjudication, the decree nisi may be entered as the final order in this case.